## 53698. PRUITT v. FIRST NATIONAL BANK OF HABERSHAM COUNTY.

BANKE, Judge.

The appellee petitioned for confirmation of a sale under power of property owned by the appellant subject to a security deed in the appellee's favor. The appellant contended that the property brought a price far below its true market value. The trial judge entered an order confirming the sale, from which judgment the appellant appeals.

The appellant contends that the trial judge erred in entering judgment against him without first finding the facts specially and in failing to state separately his conclusions of law as required by CPA § 52 (a) (Code Ann. § 81A-152 (a); Ga. L. 1970, pp. 170, 171). The judge's order consisted of only one sentence of substance. The sentence was written in the lengthy style which is sometimes characteristic of legal writing. It recited that each statutory element for confirmation of a sale under power was met, that the judge was satisfied the property brought its true market value, and that the sale was confirmed. Findings of fact were not stated separately from conclusions of law. There was no specific finding of fact made as to the market value of the land—an issue which was hotly contested at the trial. We hold that the trial judge did not meet the requirements of CPA § 52 (a) for findings of fact and conclusions of law.

1. Findings of fact and conclusions of law required by CPA § 52 (a) are mandatory. *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471) (1975). One reason for the requirement is to enable an appellate court adequately to review the judgment rendered. *Brown v. Brown,* 237 Ga. 201 (227 SE2d 360) (1976). When a trial judge enters an order with merely a dry recitation that certain legal requirements have been met, adequate appellate review of the trial judge's decision making process is effectively prevented. In National Lead Co. v. Western Lead Products Co., 291 F2d 447 (9th Cir. 1961), Federal Rule of Civil Procedure 52(a), which is identical in all relevant particulars to CPA § 52 (a), was held to require more than a paraphrase of statutory

requirements and an ultimate conclusion. Likewise, in the case sub judice, a paraphrase of the statutory requirements for confirmation of a sale under power and an ultimate conclusion will not suffice as findings of fact and conclusions of law.

2. Possibly the most important reason for the requirements of CPA § 52 (a) is to evoke care on the part of the trial judge in ascertaining the facts. See 9 Wright & Miller, Federal Practice and Procedure 678, 680 § 2571 (1971). The United States Supreme Court has emphasized this function, stating that judges "will give more careful consideration to the problem if they are required to state not only the end result of their inquiry, but the process by which they reached it." United States v. Merz, 376 U. S. 192, 199 (1964).

The Second Circuit Court of Appeals, speaking through Judge Frank, stated: "It is sometimes said that the requirement that the trial judge file findings of fact is for the convenience of the upper courts. While it does serve that end, it has a far more important purpose—that of evoking care on the part of the trial judge in ascertaining the facts. For, as every judge knows, to set down in precise words the facts as he finds them is the best way to avoid carelessness in the discharge of that duty: Often a strong impression that, on the basis of the evidence, the facts are thus-and-so gives way when it comes to expressing that impression on paper. The trial court is the most important agency of the judicial branch of the government precisely because on it rests the responsibility of ascertaining the facts. When a . . . trial judge sits without a jury, that responsibility is his. And it is not a light responsibility. . . As fact-finding is a human undertaking, it can, of course, never be perfect and infallible. For that very reason every effort should be made to render it as adequate as it humanly can be." United States v. Forness, 125 F2d 928 (22), cert. den., 316 U. S. 694 (1942).

3. Although there is no necessity for over-elaboration of detail or particularization of facts, Advisory Committee's Note of 1946 to Federal Rule of Civil Procedure 52(a), "findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court

reached its ultimate conclusion on each factual issue." 9 Wright & Miller, Federal Practice and Procedure 708, 710 § 2579 (1971); see Schneiderman v. United States, 320 U. S. 118, 129 (1943); Kelley v. Everglades Drainage Dist., 319 U. S. 415 (1943); O'Neill v. United States, 411 F2d 139 (11) (3d Cir. 1969); Woods Construction Co. v. Pool Construction Co. 314 F2d 405 (10th Cir. 1963). The court must find the facts specially and state separately its conclusions of law thereon. CPA § 52(a).

The judgment below is vacated, and the trial court is directed to enter a new judgment based on findings of fact and conclusions of law in accordance with CPA § 52 (a).

*Judgment vacated and case remanded with direction. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED APRIL 11, 1977 — DECIDED APRIL 25, 1977.

*Adams & Clifton, Alton M. Adams,* for appellant.
*Griggs & Butterworth, James N. Butterworth, Winslow H. Verdery,* for appellee.