## 75237. PDA, INC. v. HAAS CORPORATION.
### (366 SE2d 169)

SOGNIER, Judge.

PDA, Inc. instituted action against The Haas Corporation to recover $17,912.50 as payment for services performed under a contract to provide data processing software. The Haas Corporation answered and counterclaimed for damages incurred because of an alleged failure of consideration. The case was tried without a jury and the trial court entered judgment for PDA in the amount of $5,000 on the main claim, and in favor of PDA and against The Haas Corporation on the counterclaim. PDA appeals.

The common practice of directing counsel for the prevailing party to prepare the judgment for the trial court's signature, although not reversible error, has been greatly disfavored by this court, as well as by the United States Supreme Court. See, e.g., *North Fulton &c. Hosp. v. State Health &c.*, 168 Ga. App. 801, 810 (3) (310 SE2d 764) (1983); *Pruitt v. First Nat. Bank of Habersham County*, 142 Ga. App. 100, 101 (2) (235 SE2d 617) (1977); *United States v. El Paso Natural Gas Co.*, 376 U. S. 651, 656-657, fn. 4 (84 SC 1044, 12 LE2d 12) (1964). " 'It is sometimes said that the requirement that the trial judge file findings of fact is for the convenience of the upper courts. While it does serve that end, it has a far more important purpose — that of evoking care on the part of the trial judge in ascertaining the facts. For, as every judge knows, to set down in precise words the facts as he finds them is the best way to avoid carelessness in the discharge of that duty . . .' " *Pruitt*, supra at 101 (2). The reasons for this disfavor have been particularly well illustrated in the case at bar.

The record reveals that at the close of the evidence and after hearing argument of counsel, the trial court deliberated, then announced its decision from the bench awarding appellant $5,000. The trial court found that although a contract existed between the parties after substantial performance under the contract by both parties, there came a point where both parties ceased to operate thereunder. The trial court found that this cessation was permitted under the contract and calculated that appellant was entitled to $5,000 in its claim against appellee.

The trial court thereafter directed appellant, as the prevailing party, to prepare the judgment for the court's signature. In response to a direct query from appellant's counsel as to what should be included in the findings of fact, the trial court summarized its findings as stated above and explicitly directed counsel to include those findings in the prepared judgment. The record further reflects, however, that the judgment as drafted by appellant omitted any reference to the trial court's finding that the parties ceased to operate under the contract. We note that the judgment was dated six months after the hearing at which the trial court's oral decision was announced.

1. Appellant contends that the written findings of fact demand a judgment in its favor for the full sum sought under the contract and fail to support the lesser sum awarded by the trial court. It is apparent that had the judgment included the trial court's finding that the parties at one point ceased to operate under the contract, the evidence adduced at trial would have supported fully the award of $5,000 as the value of the work performed by appellant after the parties ceased operating under the contract. However, the omission of the trial court's finding on this matter results in a judgment which seemingly supports the full sum sought by appellant. Although we ac-

knowledge that the trial court is responsible for the contents of the judgment as signed, see *North Fulton &c. Hosp.*, supra at 810, it is equally well established that a litigant " 'cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.' [Cits.]" *Dodd v. Dodd*, 224 Ga. 746, 747 (164 SE2d 726) (1968). Therefore, appellant's contentions in this regard are not well taken.

2. Contrary to appellant's argument, it is apparent that the $5,000 awarded was not a liquidated amount, and thus prejudgment interest would be awardable only at the discretion of the factfinder. *Norair Engineering Corp. v. St. Joseph's Hosp.*, 147 Ga. App. 595, 605-606 (249 SE2d 642) (1978). Because the defenses, setoffs and counterclaims set forth by appellee were not frivolous in nature, and the amount actually due and owing was thus unclear, we find no abuse of the trial court's discretion in failing to award prejudgment interest to appellant.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 28, 1988 —
REHEARING DENIED FEBRUARY 12, 1988.

*James J. Brissette, Elizabeth B. Watson*, for appellant.
*Michael A. Mogill, Lloyd A. Fox, April Rich*, for appellee.