### 75804. LANIER v. CITIZENS STATE BANK.
(367 SE2d 585)

POPE, Judge.

This appeal arises out of a complaint brought by appellee Citizens State Bank for confirmation of sale under power contained in a deed to secure debt. The subject real property was sold on the courthouse steps to the highest bidder for $73,000 after appellant Lanier had defaulted on a promissory note to the bank in the amount of $90,000. The bank sought confirmation of the sale so it could pursue its claim for deficiency judgment pursuant to OCGA § 44-14-161. Appellant's sole defense to the complaint was that the sale did not bring the true market value of the property. Appellant appeals the order confirming the sale on the ground that (1) the findings of fact and conclusions of law were without foundation and in error and (2) that the ruling was not supported by the facts.

The order confirming the sale gave a detailed recitation of facts concerning the original debt, appellant's default on that debt and the legal process and notice by which the bank conducted the sale. In a separate section, the court concluded as a matter of law that proper notice of foreclosure was given to the debtor. We find no error or lack of evidence to counter the conclusion that the foreclosure proceedings were in order. However, that was not the issue raised by appellant. In an action to confirm a foreclosure sale the court must find not only that the foreclosure proceedings were in order but must also find "it is satisfied that the property so sold brought its true market value on such foreclosure sale." OCGA § 44-14-161 (b). The order in this case is insufficient because it did not go far enough in its findings of fact and conclusions of law. A judgment in an action to confirm a foreclosure sale is inadequate if it contains no specific finding concerning the sufficiency of the price brought at sale. *Pruitt v. First Nat. Bank of Habersham*, 142 Ga. App. 100 (235 SE2d 617) (1977). Accordingly, the judgment of the trial court is vacated and the case remanded with direction to enter a new judgment in accordance with the require-

ments of OCGA § 44-14-161 and OCGA § 9-11-52. Accord *PSI Pneumatic Structures v. C & S Newnan Bank*, 159 Ga. App. 766 (285 SE2d 576) (1981); *Mathis v. Citizens DeKalb Bank*, 157 Ga. App. 693 (278 SE2d 500) (1981). All rights of appeal from this new judgment are preserved.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 16, 1988.

*Robert H. Baer*, for appellant.
*John J. Ossick, Jr.*, for appellee.