### A98A2191. WYMBS v. STOKES.
(512 SE2d 669)

BLACKBURN, Judge.

Franklin Wymbs appeals the trial court's apportionment, pursuant to OCGA § 19-7-1 (c), of a recovery for the wrongful death of his son, Aquontius, between himself and his ex-wife, Beverly Stokes. Wymbs contends that the court abused its discretion by: (1) not considering Wymbs' relationship to Aquontius prior to his divorce from Stokes; (2) considering the relationship between Aquontius and his maternal grandmother, Mildred Stokes; and (3) awarding Wymbs only three percent of the wrongful death recovery. For the reasons set forth below, we affirm.

Following the death of her minor son in a car accident on March 9, 1995, Stokes, as administrator of Aquontius' estate, sued the

Department of Transportation for wrongful death. Stokes had previously divorced Wymbs in 1991. Although Wymbs initially refused to take part in the wrongful death action, Stokes brought her suit against the DOT pursuant to OCGA § 19-7-1 (c) (2) (C), which provides: "If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents . . . as follows: If both parents are living but are divorced . . . , the right shall be in both parents. However, if the parents are divorced . . . and one parent refuses to proceed . . . the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as provided in this subsection."

Subsequently, after deciding that he did want to participate, Wymbs was allowed to intervene in Stokes' action prior to the time the parties agreed to a settlement in the sum of $250,000. Stokes moved the trial court to apportion the settlement proceeds pursuant to OCGA § 19-7-1 (c) (6), which states: "For cases in which the parents of a deceased child are divorced . . . , a motion may be filed by either parent prior to trial requesting the judge to apportion fairly any judgment amounts awarded in the case. Where such a motion is filed, a judgment shall not be automatically divided. A post-judgment hearing shall be conducted by the judge at which each parent shall have the opportunity to be heard and to produce evidence regarding that parent's relationship with the deceased child. The judge shall fairly determine the percentage of the judgment to be awarded to each parent. In making such a determination, the judge shall consider each parent's relationship with the deceased child, including permanent custody, control, and support, as well as any other factors found to be pertinent. The judge's decision shall not be disturbed absent an abuse of discretion." After a post-judgment hearing, the trial judge awarded three percent of the settlement proceeds to Wymbs and ninety-seven percent to Stokes.

1. Wymbs contends that the trial court erred by refusing to consider evidence of his relationship with Aquontius prior to the time he divorced Stokes in 1991. A review of the transcript, however, indicates that the trial court did not wholly exclude such evidence. The trial court merely concluded that evidence of Aquontius' relationship with each of his parents during the four years subsequent to the divorce was more pertinent than evidence of such relationship prior to the divorce. Furthermore, Wymbs agreed with this conclusion on the record without objection of any kind. As such, he waived his right to complain about this issue on appeal. See, e.g., *Price v. State*, 222 Ga. App. 655 (1) (475 SE2d 692) (1996).

2. Wymbs contends that the trial court erred in considering evi-

dence of Aquontius' relationship with his maternal grandmother in apportioning the settlement. Wymbs argues that OCGA § 19-7-1 (c) (6) requires the judge to hear only evidence regarding the parents' relationship to the child. This argument is misplaced. The statute allows a judge to consider permanent custody, control, and support, as well as other factors found to be pertinent. Certainly, the impact of the relationships between a grandparent and a parent and a grandparent and a grandchild may be pertinent factors in determining the depth and extent of the relationship between a parent and a child in some cases. As such, we do not find an abuse of the trial court's discretion based on the consideration of such testimony. Moreover, we note that Wymbs solicited evidence regarding the relationship of his parents to Aquontius during the hearing and failed to object to testimony from and about Aquontius' maternal grandmother, thereby waiving his right to complain on appeal. *Price*, supra.

3. Finally, Wymbs contends that the evidence does not support the trial court's apportionment. We disagree.

The testimony and evidence showed, among other things, that Wymbs neither paid child support nor visited his son on a regular basis following the divorce. As such, the evidence supported a determination that Wymbs' emotional and financial relationship to his son was bankrupt. On the other hand, the evidence also showed that Stokes retained custody of Aquontius following the divorce and did all that she could to support her son. Accordingly, the trial court did not abuse its discretion in apportioning the settlement proceeds in this case.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 19, 1999 —
RECONSIDERATION DENIED MARCH 3, 1999 —

*David W. Griffeth*, for appellant.
*Scott, Quarterman & Wells, Howard T. Scott, Johnson & Ward, William C. Lanham, Clark H. McGehee*, for appellee.