## A99A1005. RICHARDSON v. BARBER.
(527 SE2d 8)

BLACKBURN, Presiding Judge.

Donald Ray Richardson, the biological father of Zsa Vonn, appeals the trial court's order which determined that he was not entitled to receive further proceeds from the settlement of Zsa Vonn's wrongful death suit brought by Zsa Vonn's mother. The trial court determined that Richardson lacked any meaningful relationship with Zsa Vonn as shown by evidence concerning custody, control, and lack of support and the poor example he set, under the standards of OCGA § 19-7-1 (c) (6). The trial court therefore precluded Richardson from receiving any portion of the remaining proceeds of the settlement of the underlying wrongful death action. The trial court determined that the mother had a meaningful relationship with the child and was entitled to the proceeds of the settlement.

Zsa Vonn's mother, Janice Barber, filed a wrongful death action against Dr. Homer Breckenridge after Zsa Vonn was killed when Dr. Breckenridge struck him with his car. During the pendency of the wrongful death action, Barber and Richardson entered into a settlement agreement by which they agreed that Barber would control the wrongful death action. The agreement further provided that Barber was entitled to 50 percent of the proceeds from any judgment or settlement with the remaining 50 percent of the proceeds to be held in escrow until Richardson's rights in the proceeds were determined. Richardson was paid $5,000 upon entering the agreement with the express understanding that if the court determined he was not entitled to further proceeds, such monies were non-refundable.

After Barber obtained a $1,000,000 settlement in the wrongful death action, the parties filed the underlying joint declaratory judg-

ment action for the trial court's determination of Richardson's rights in the escrowed $500,000. On appeal from the trial court's determination of that issue, Richardson raises several enumerations of error.

1. In his first enumeration of error, Richardson contends that the trial court erred by adopting verbatim the proposed findings of fact and conclusions of law prepared by Barber's attorney prior to announcing the court's decision regarding such facts and conclusions. Richardson contends that the trial court's actions effectively deprived him of a thorough consideration of the case.

In their joint complaint, the parties submitted the issues to the trial court based upon the record in the wrongful death action and the depositions and affidavits of the parties and witnesses. They also filed their briefs setting forth their respective positions. Thereafter, the trial court requested that each side present findings of fact and conclusions of law to the trial court and not to each other. The record contains no objection to this request. The trial court adopted the order presented by Barber's counsel.

Although the practice of adopting orders prepared by counsel has been "greatly disfavored," it is not reversible error. See *PDA, Inc. v. Haas Corp.*, 185 Ga. App. 785, 786 (366 SE2d 169) (1988); *North Fulton Community Hosp. v. State Health Planning &c.*, 168 Ga. App. 801, 810 (3) (310 SE2d 764) (1983); *Pruitt v. First Nat. Bank of Habersham County*, 142 Ga. App. 100, 101 (2) (235 SE2d 617) (1977); *United States v. El Paso Natural Gas Co.*, 376 U. S. 651, 656-657, fn. 4 (84 SC 1044, 12 LE2d 12) (1964).

Richardson argues that the order adopted by the trial court contained "inadmissible facts, exaggerations, overreachings, and misquotations from the record." Specifically, Richardson contends the order's reference to Richardson's affidavit as an "ex-parte affidavit . . . prepared by [Richardson's] lawyer in which he attached a couple of letters from Zsa Vonn" mischaracterized the letters and suggested an impropriety on counsel's part. Richardson also argues that the order misquotes Richardson when it finds that Richardson described his relationship with Zsa Vonn as, "he was just my boy." In fact, the record quotes Richardson as saying, "That's my boy. That was my boy." And finally, Richardson contends that the order contains inadmissible testimony regarding several matters that were irrelevant.

We do not find that the order's reference to Richardson's affidavit mischaracterized the evidence to the extent that it deprived Richardson of a thorough consideration of the case. Additionally, the misquoted language was clearly a scrivener's error and added little, if anything, to the meaning of the quote. Finally, we do not find that the trial court considered irrelevant evidence. First, the parties themselves in their joint declaratory judgment complaint set forth

the evidence that the trial court was to review. There were no objections to the trial court's consideration of any of the evidence in the record. Second, pursuant to OCGA § 19-7-1 (c) (6), the trial court is allowed to consider any factors it finds to be pertinent to the parent's relationship to the deceased child. The testimony now considered to be irrelevant by Richardson falls within that allowed by the parameters of OCGA § 19-7-1 (c) (6) and the trial court's discretion.

2. In his second enumeration of error, Richardson contends that the trial court committed reversible error by apportioning the wrongful death proceeds without considering evidence of the child's relationship with Barber. We cannot agree that the trial court did not consider sufficient evidence of the child's relationship with his mother.

The joint petition for declaratory judgment specifically requested that the trial court make a determination as to Richardson's rights in the $500,000 held in escrow. The joint petition did not request any determination as to Barber's rights in the settlement proceeds. And, her rights to such proceeds were never contested. Additionally, the record does contain evidence that Barber was the only custodial parent that Zsa Vonn had known. Barber supported Zsa Vonn without the assistance, financial or otherwise, of Richardson.

This enumeration is, therefore, without merit.

3. In his final enumeration of error, Richardson contends that the trial court erred by finding that he had abandoned Zsa Vonn.

Initially, we note that a legal finding of abandonment was unnecessary in order to support the trial court's determination that Richardson was entitled only to the $5,000 he had already received. Additionally, however, we find that the fact of abandonment was supported by clear and convincing evidence that Richardson had failed to provide for the "care and support of [Zsa Vonn] as required by law or judicial decree." OCGA § 19-8-10 (b) (2). Despite being ordered to do so, Richardson never voluntarily paid child support on Zsa Vonn's behalf. Richardson admitted that he paid no support for Zsa Vonn for the 12 months prior to his death.

4. Whether the trial court abused its discretion in determining that Richardson was entitled only to the $5,000 he had already received as proceeds from the wrongful death action on behalf of Zsa Vonn was not specifically enumerated as error by Richardson in his appeal. However, we reach this issue because the dissent seeks to remand this case for the trial court's reconsideration in light of our recent decision in *Wymbs v. Stokes*, 236 Ga. App. 742, 744 (2) (512 SE2d 669) (1999).

In *Wymbs*, we held that the trial court did not err in considering evidence of the relationship of the child with its grandparents in that case. *Wymbs* created no new law; it simply affirmed the existing trial

practices which are mandated by the clear language of OCGA § 19-7-1 (6). Nothing in *Wymbs* required a trial court, in all cases, to consider such evidence for any purpose except as it may be, in the opinion of the trial court, evidence of the relationship between a parent and a child. Id. at 744.

The dissent incorrectly states that the "law presumes an equal division of the proceeds in cases like this," citing OCGA § 19-7-1 (c) (2) (C). The present case is governed by OCGA § 19-7-1 (c) (6), which provides that in a post-judgment hearing the judge shall apportion any judgment according to each parent's relationship with the deceased child. Therefore, upon the filing of a petition under OCGA § 19-7-1 (c) (6), no presumption exists because the trial court is to make a determination after hearing evidence regarding the parent's relationship with the deceased child. "In making such a determination, the judge shall consider each parent's relationship with the deceased child, including permanent custody, control, and support, as well as any other factors found to be pertinent." Id. In *Wymbs*, we stated that "[c]ertainly, the impact of the relationships between a grandparent and a parent and a grandparent and a grandchild *may* be pertinent factors in determining the depth and extent of the relationship *between a parent and a child* in some cases." (Emphasis supplied.) *Wymbs*, supra.

We determined that the relationship with the grandparents was not improperly considered as another factor found to be pertinent in that case. Our determination, however, remained focused on the relationship between the parent and the child, not the relationship between the child and the grandparent. *Wymbs*, supra.

The dissent seeks to remand the case for the trial court to consider the evidence of the grandmother's relationship with the child in this case. However, just like the trial court in *Wymbs*, the trial court here has already considered such evidence. Such evidence was introduced without objection through the grandmother's deposition.

In its order, the trial court specifically stated that it duly considered "the Transcript from the Federal Court Hearing with Judge Sands on June 14, 1996, depositions of the parties and various witnesses, briefs, affidavits, documents and exhibits from both parties." Only then did it determine that, not only had the child's father abandoned the child, but also that his lack of a meaningful relationship with the deceased child precluded him from any further rights in the settlement proceeds. It is presumed that the trial court here properly considered all of the evidence before it, just as the trial court had done in *Wymbs*. Although the trial court did not specifically enumerate every factor upon which it based its decision, there is no requirement that it do so. The trial court specifically stated that it considered the depositions presented, including the grandmother's, and

ruled against Richardson on the only issue on which the grandmother's relationship with the child would have been relevant. The trial court has already heard evidence of the relationship between the grandmother and the child, and neither OCGA § 19-7-1 nor our opinion in *Wymbs* requires that the trial court give credit to Richardson for such relationship. The trial court may do so for a limited purpose if it determines that such fact is evidence of a relationship between Richardson and the child. The trial court has considered the evidence, exercised its discretion, and ruled adversely to Richardson on this issue.

The evidence in the record clearly established that the trial court did not abuse its discretion. See OCGA § 19-7-1 (c) (6). Richardson was in jail for the majority of Zsa Vonn's life. From jail, he provided neither legal support nor emotional support to Zsa Vonn. The record contains ample evidence of Richardson's criminal life and his life fathering seven children by four different women. While the record contains evidence that Zsa Vonn visited Richardson in jail on occasion and that Zsa Vonn even wrote three letters to Richardson in jail, this evidence shows that contact was initiated by Zsa Vonn and others, not that Richardson sought to establish any relationship with his son. Such evidence is not sufficient to overcome the trial court's determination that Richardson was entitled to no more than the $5,000 he had already received.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Andrews, P. J., Ruffin and Ellington, JJ., concur. Barnes, J., dissents.*

BARNES, Judge, dissenting.

As I cannot agree that the trial court did not abuse its discretion by failing to give Richardson a thorough consideration of his case, I must respectfully dissent.

In *Wymbs v. Stokes*, 236 Ga. App. 742 (512 SE2d 669) (1999), this court held for the first time that the relationship between a grandparent and a deceased grandchild could be considered when determining the division of the grandchild's estate between the child's parents. While not changing the law, I think that *Wymbs* makes clear that this relationship is a factor to be considered under OCGA § 19-7-1 (c) (6): "Certainly, the impact of the relationships between a grandparent and a parent and a grandparent and a grandchild may be pertinent factors in determining the depth and extent of the relationship between a parent and a child in some cases." *Wymbs v. Stokes*, supra, 236 Ga. App. at 744. *Wymbs* cited no authority for this proposition other than the Code section, and I have found no other precedent on point. Therefore, I believe that before *Wymbs* a trial court would not necessarily know that this evidence could be considered. Moreover, while the trial court's order recites the text of the Code section, it

does not in any fashion refer to the evidence concerning the relationship between the deceased child and his grandmother. In particular, when discussing any "other factors found to be pertinent," the order focuses only on any possible relationship between Richardson and his son without regard to the evidence concerning the grandmother.

Because "appellate courts must apply the law as it exists at the time of the appellate court's judgment, even though doing so might change the judgment of the trial court which was correct at the time it was rendered," *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679 (1) (498 SE2d 748) (1998), we must review this appeal in light of *Wymbs*. Therefore, I find the trial court abused its discretion by failing to consider evidence of this relationship.

The record shows that Richardson's mother had frequent contact with the boy, that he visited and stayed with her for a month or so every year, and that she assisted Barber financially when she could. Rather than assuming the trial court would have reached the same result had it considered this evidence under *Wymbs*, I believe the trial court should be instructed to consider this evidence in apportioning the estate.

Accordingly, I must respectfully dissent.

DECIDED DECEMBER 3, 1999 — 

*Watson, Spence, Lowe & Chambless, Louis E. Hatcher, William Eckhardt*, for appellant.
*Yearout, Myers & Traylor, W. P. Traylor III, Robert M. Margeson III*, for appellee.