A01A2442. HALL v. BAILEY.
(560 SE2d 76)

ANDREWS, Presiding Judge.

The trial court apportioned settlement proceeds from the wrongful death of Morocco Hall between the surviving divorced parents of the deceased pursuant to OCGA § 19-7-1 (c) (6). After hearing evidence from both parties, the court awarded ninety-five percent of the proceeds to Morocco's mother, Angela Bailey, and the remaining five percent to Morocco's father, Anderson Hall. Mr. Hall appeals claiming that the evidence did not support the trial court's apportionment, and that OCGA § 19-7-1 (c) (6) should be "overruled" because it grants excessive discretion to the trial court and denies the noncustodial parent an equal right to share in the child's wrongful death proceeds. We find no error and affirm the judgment of the trial court.

1. Morocco Hall was killed in an automobile accident at the age of 20 while serving in Japan with the United States Navy. He left no surviving spouse or children, so the right to recover damages for his wrongful death was in the surviving parents. OCGA § 19-7-1 (c) (2) (C). This case arose when the surviving mother, Bailey, petitioned the trial court pursuant to OCGA § 19-7-1 (c) (6) to hold a hearing to

determine how to apportion the proceeds between her and the surviving father, Anderson Hall. OCGA § 19-7-1 (c) (6) provides as follows:

> For cases in which the parents of a deceased child are divorced, separated, or living apart, a motion may be filed by either parent prior to trial requesting the judge to apportion fairly any judgment amounts awarded in the case. Where such a motion is filed, a judgment shall not be automatically divided. A post-judgment hearing shall be conducted by the judge at which each parent shall have the opportunity to be heard and to produce evidence regarding that parent's relationship with the deceased child. The judge shall fairly determine the percentage of the judgment to be awarded to each parent. In making such a determination, the judge shall consider each parent's relationship with the deceased child, including permanent custody, control, and support, as well as any other factors found to be pertinent. The judge's decision shall not be disturbed absent an abuse of discretion.

Pursuant to this section, the trial court heard evidence from both parties about the nature of their relationship with Morocco. Evidence showed that Bailey and Anderson Hall divorced when Morocco was three years old. It is undisputed that Bailey retained custody of Morocco, provided for his day-to-day care throughout his minority, and maintained a close relationship with him until his death. On the other hand, evidence showed that, although Anderson paid the court-ordered child support for Morocco, he had little contact with his son after the divorce. Morocco did not spend a single night with Anderson after the divorce, and Anderson did not exercise his visitation rights with the child. There was ample evidence contradicting Anderson's claim that he did not know where Bailey and his son were living, and the trial court found that this claim lacked credibility. There was evidence that Anderson failed to maintain any significant contact with his son, failed to attend almost every important event in his son's life, and had no meaningful relationship with him. Based on the evidence produced, we find that the trial court did not abuse its discretion by awarding ninety-five percent of the proceeds to Bailey and five percent to Anderson. *Richardson v. Barber*, 241 Ga. App. 254 (527 SE2d 8) (1999).

2. Since none of Anderson Hall's contentions regarding the lawfulness of OCGA § 19-7-1 (c) (6) were raised or ruled upon in the trial court, they present nothing for appellate review.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

Decided February 6, 2002.

*Sampson Oliver, Jr.*, for appellant.
*Albert R. Sacks*, for appellee.