## S10F1792. HUNTER v. HUNTER.

### (709 SE2d 263)

NAHMIAS, Justice.

Pursuant to this Court's pilot project for divorce cases, we granted Carol Hunter's application for discretionary appeal of the parties' final judgment of divorce and of an order, entered on the same day the trial court denied Carol's motion for new trial, holding her in contempt of a temporary order. Because we find no merit to Carol's contentions, we affirm the trial court's judgments.

Carol and Ernest Hunter married in July 1995. Carol filed for divorce in 2006, but in June 2007, the parties mutually agreed to a dismissal of that case. However, the parties were unable to reconcile, and Carol filed this action for separate maintenance in February 2008. Ernest counterclaimed for divorce. The action was assigned to the trial judge who presided over the 2006 divorce action. The parties have no children, and neither sought alimony, leaving only the issue of dividing the parties' property. On November 20, 2009, the day the bench trial ended, the trial court entered an order requiring Carol to pay into the court registry money that Carol had testified was

remaining from a $250,000 line of credit that she took out on the parties' marital residence in violation of an order entered in the 2006 divorce action. On December 15, 2009, the trial court entered a final judgment on the divorce action. Carol filed a timely motion for new trial, and Ernest filed a motion to hold Carol in contempt for failing to pay the full amount of the money remaining from the line of credit into the court registry. On January 29, 2010, the trial court denied Carol's motion for new trial, and held her in contempt of the November 20, 2009, order.

1. Carol contends that the trial court erred in dividing the parties' property. We disagree. "[A]n equitable division of marital property does not necessarily mean an equal division," and "an award is not erroneous simply because one party receives a seemingly greater share of the marital property." *Wright v. Wright*, 277 Ga. 133, 134 (587 SE2d 600) (2003). The trial court has broad discretion to equitably divide the parties' property "upon consideration of all the relevant evidence." *Taylor v. Taylor*, 283 Ga. 63, 64 (656 SE2d 828) (2008). We have reviewed the record, including the evidence regarding the parties' rental properties, residences, retirement and investment accounts, and vehicles, noting the trial court's statement that it did not find Carol's testimony to be credible. We conclude that the trial court did not abuse its discretion in the division of marital property.[1]

2. Carol contends that the trial court erred by failing to award her attorney fees. We see no merit to the contention.

The trial court's order does not specify the statute pursuant to which the court considered an award of attorney fees. Because neither party sought attorney fees under OCGA § 9-15-14 and the record does not show that the trial court considered OCGA § 9-15-14, we presume that the award was made pursuant to OCGA § 19-6-2. See *Simmons v. Simmons*, 288 Ga. 670, 674 (706 SE2d 456) (2011). After considering the financial circumstances of the parties, the trial court's decision "[w]hether to award attorney fees . . . pursuant to OCGA § 19-6-2 is a matter within the discretion of the trial court, and the exercise of that discretion will not be reversed unless manifestly or flagrantly abused." *Mongerson v. Mongerson*, 285 Ga. 554, 558-559 (678 SE2d 891) (2009), overruled on other grounds,

---

[1] As part of this enumeration of error, Carol argues that a comment by the trial court during the trial indicates that the court improperly considered her behavior in the 2006 divorce action in deciding this case. We note that Carol testified on direct and cross-examination about the parties' behavior in the 2006 divorce case, including the incident about which the trial court commented. In any event, Carol voiced no objection to the court's comment at trial, and she therefore is barred from raising the issue on appeal. See *Francis v. Francis*, 279 Ga. 248, 248-249 (611 SE2d 45) (2005).

*Simmons*, 288 Ga. at 672, n. 4. In this case, "the transcript of the final hearing establishes the trial court properly considered the relative financial positions of the parties," id. at 559, and we cannot say that the trial court manifestly or flagrantly abused its discretion in denying attorney fees to Carol.

3. Carol contends that the trial court erred in ordering her to pay the $76,000 balance on the line of credit into the court registry, arguing that she had no notice that such an order would be issued and that, because the order prohibiting the line of credit was part of the 2006 divorce action, it could not form the basis for an order in the 2007 action.

Carol's argument that she lacked notice is untenable. At the conclusion of the trial, the trial court informed the parties that it was contemplating such an order, and Carol voiced no objection. Moreover, Carol could hardly have been surprised by the court's effort to protect this asset, because the primary issue at trial was division of the parties' property and much of the trial was consumed with evidence regarding the $250,000 line of credit, including when Carol obtained it, how she spent the proceeds, and how much remained.

As for Carol's argument regarding the basis for the order, even assuming that the trial court erred in referring to the order in the prior divorce action, its ruling must be affirmed. In divorce actions, "the court may make prohibitive or mandatory orders, with or without notice or bond, and upon such terms and conditions as the court may deem just." OCGA § 9-11-65 (e). The trial court here heard evidence that Carol had been dissipating a significant marital asset without notice to Ernest, and it was well within the court's discretion to issue an order preserving that asset for distribution between the parties.

4. Carol contends that the trial court erred in holding her in contempt because the evidence shows that, although she paid only $68,000 of the $76,000 into the court registry, she did not have the ability to pay the remaining $8,000. However, a trial court has broad discretion to determine if a party is in contempt of its order, and the exercise of that discretion will not be reversed on appeal unless grossly abused. See *R.R.R. L.P. v. Recreational Svcs.*, 267 Ga. 757, 758 (481 SE2d 225) (1997). Here, although Carol testified that she did not have the ability to pay the remaining $8,000, the trial court found that she did, and we cannot conclude that the court abused its discretion in doing so. See id.

5. Carol contends that the trial court erred in denying her motion for findings of fact and conclusions of law under OCGA § 9-11-52 (c). "A trial court presiding over a bench trial . . . in a court of record is statutorily required to make findings of fact and conclusions of law 'upon (the) request of any party made prior to such ruling.' " *Payson*

*v. Payson*, 274 Ga. 231, 234 (552 SE2d 839) (2001) (quoting OCGA § 9-11-52 (a)). In *Payson*, we construed the word "ruling" in OCGA § 9-11-52 (a) to mean the trial court's judgment. Id. at 234-236. Here, because Carol moved for findings of fact after entry of the judgment, the trial court had the discretion to grant the motion for findings of fact but was not required to do so. See OCGA § 9-11-52 (c) (providing that "[u]pon motion made not later than 20 days after entry of judgment, the court *may* make . . . findings" (emphasis added)); *Greene County v. North Shore Resort at Lake Oconee, LLC*, 238 Ga. App. 236, 241 (517 SE2d 553) (1999) (holding that a trial court has discretion whether to grant or deny a post-judgment request for findings under OCGA § 9-11-52 (c)). Because the trial in this case was not so complex as to make appellate review impossible without specific factual findings, we conclude that the trial court did not abuse its discretion in denying Carol's motion for findings of fact under OCGA § 9-11-52 (c). See *Greene County*, 238 Ga. App. at 241.

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 25, 2011.

*Divida Gude*, for appellant.
*McNally, Fox, Grant & Davenport, Patrick J. Fox*, for appellee.