A11A1572. JEROME ROAD, LLC et al. v. FIRST CITIZENS BANK AND TRUST COMPANY, INC.

(718 SE2d 913)

MCFADDEN, Judge.

Jerome Road, LLC and Jonathan W. Been appeal the order confirming the sale at foreclosure of certain Fulton County property. They argue that the trial court's order must be vacated because it failed to include findings of fact and conclusions of law. Because

---

Jerome Road and Been did not request findings of fact and conclusions of law before the trial court entered judgment, the trial court was not required to include them in its order. We therefore affirm.

First Citizens Bank and Trust Company filed an application for confirmation of a foreclosure sale of certain property that secured Jerome Road's indebtedness to First Citizens. First Citizens alleged that Been guaranteed the indebtedness. After conducting a hearing, the trial court entered an order confirming the foreclosure sale. The order consists of two paragraphs, the first of which sets forth details about the hearing on First Citizens' petition. The second paragraph states that it is:

> ORDERED, that the notices, advertisements and regularity of the foreclosure sale conformed to Georgia law and the fair market value of said property on the date of the foreclosure sale was $850,500.00, and therefore, First Citizens may pursue a deficiency judgment against the respondents.

Fifteen days after entry of the order, Jerome Road and Been moved for the court to set forth its findings of fact and conclusions of law. The record contains no order resolving the motion. Fifteen days after filing the motion, Jerome Road and Been filed a notice of appeal.

Jerome Road and Been's sole enumeration of error is that the trial court's confirmation order violates Georgia law because it does not include specific findings of fact and conclusions of law. In support of their contention that such findings and conclusions are mandatory in confirmation orders, Jerome Road and Been rely on three cases: *Lanier v. Citizens State Bank*, 186 Ga. App. 395 (367 SE2d 585) (1988); *Mathis v. Citizens DeKalb Bank*, 157 Ga. App. 693 (278 SE2d 500) (1981); and *Pruitt v. First Nat. Bank of Habersham County*, 142 Ga. App. 100 (235 SE2d 617) (1977).

The cases of *Mathis* and *Pruitt*, however, were decided under the predecessor to OCGA § 9-11-52 (a) before that Code section's extensive amendment in 1987. *Mathis*, 157 Ga. App. at 693; *Pruitt*, 142 Ga. App. at 100-101 (1). *Lanier*, though decided after the amendment, relied on *Mathis* and *Pruitt*. See *Lanier*, 186 Ga. App. at 395-396. "Under the former statute, entry of findings and conclusions was required, unless waived by the parties. See Ga. L. 1987, pp. 1057-1058, § 1." *Poor v. Leader Fed. Bank &c.*, 221 Ga. App. 889 (1) (473 SE2d 563) (1996). Under the current version of OCGA § 9-11-52 (a), only if a party in a nonjury trial requests findings and conclusions before entry of judgment is the inclusion of findings and conclusions mandatory. If the party makes the request after judgment, then whether to include findings and conclusions is within the

court's discretion. OCGA § 9-11-52 (c); *Greene County v. North Shore Resort at Lake Oconee*, 238 Ga. App. 236, 241 (2) (517 SE2d 553) (1999). To the extent *Lanier*, 186 Ga. App. 395, holds that a trial court must include findings of fact and conclusions of law in a confirmation order absent a party's request before entry of judgment, it is hereby overruled.

Jerome Road and Been did not request findings of fact and conclusions of law under OCGA § 9-11-52 (a) before the trial court entered its confirmation order. Instead they made their request 15 days after entry of the judgment. Therefore, the trial court was not required to include findings of fact and conclusions of law in its confirmation order, and we affirm.

*Judgment affirmed. Mikell, C. J., Smith, P. J., Barnes, P. J., Miller, P. J., Phipps, P. J., Andrews, Ellington, Adams, Doyle, Blackwell and Dillard, JJ., concur.*

## DECIDED NOVEMBER 15, 2011.

*Knight Johnson, James M. Johnson, Stephanie A. Everett*, for appellants.

*Busch, Slipakoff & Schuh, Mathew A. Schuh, Jason B. Godwin*, for appellee.