A11A1595. SHERMAN v. DEVELOPMENT AUTHORITY OF
FULTON COUNTY et al.
(723 SE2d 528)

PHIPPS, Presiding Judge.

John S. Sherman appeals from a Fulton County Superior Court judgment that validated and confirmed certain revenue bonds and bond security. For reasons that follow, we vacate the judgment and remand the case with direction.

In accordance with the Revenue Bond Law,[1] the State of Georgia initiated a bond validation proceeding in December 2010 by filing a "Petition and Complaint," naming as defendants the Development Authority of Fulton County (DAFC) and 1138 Peachtree Land Holdings, LLC. Said pleading sought a judgment approving DAFC's issuance of certain proposed taxable revenue bonds and validating and confirming the bonds and various bond security as required by the Development Authorities Law.[2] The bonds were intended to finance a multi-use facility that would be developed by 1138 Peachtree Land Holdings.

Sherman, as a resident of Fulton County, intervened in the proceedings and filed a pleading captioned "Objections to Bond Validation, Denial of Bond Validation Petition Allegations and Plea in Abatement."[3] Sherman alleged numerous grounds for denying the State's Petition and Complaint, and he requested that the superior court set forth in its judgment findings of fact and conclusions of law pursuant to OCGA § 9-11-52 (a).

Thereafter, Sherman's counsel participated in the bond validation hearing, cross-examining DAFC's witness, and opposing the State's Petition and Complaint. At the end of the hearing, the court announced that it was rejecting Sherman's grounds. The court

---

[1] OCGA § 36-82-60 et seq.

[2] OCGA § 36-62-1 et seq.

[3] See OCGA § 36-82-77 ("Any citizen of this state who is a resident of the governmental body which desires to issue such bonds may become a party to the proceedings at or before the time set for the hearing and any party thereto who is dissatisfied with the judgment of the court confirming and validating the issuance of the bonds or refusing to confirm and validate the issuance of the bonds and the security therefor may appeal from the judgment under the procedure provided by law in cases of injunction."); *Copeland v. State of Ga.*, 268 Ga. 375, n. 2 (490 SE2d 68) (1997) (OCGA § 36-82-77 permits intervention by a resident of the governmental body which desires to issue such bonds and allows an intervenor to appeal from any judgment rendered in the validation proceeding). The parties have made no argument that Sherman was not entitled to participate in the proceeding as an intervenor.

entered judgment validating and confirming the bonds and bond security.

In the judgment, the superior court recounted that the "action ha[d] come on for hearing before the Court sitting without a jury" and that the court had "considered the Petition and Complaint, [and] the verified answers of the defendants, [DAFC] and 1138 Peachtree Land Holdings, LLC." Notably, the judgment made no mention of Sherman, and it failed to set forth findings of fact and conclusions of law with respect to various grounds pursued by Sherman.[4]

Among his contentions on appeal, Sherman takes issue with the absence of findings of fact and conclusions of law with respect to several grounds he asserted.[5] Under OCGA § 9-11-52 (a),[6] "[a] trial court presiding over a bench trial . . . in a court of record is statutorily required to make findings of fact and conclusions of law upon the request of any party made prior to such ruling."[7] Here, as DAFC acknowledges, prior to the judgment, Sherman requested findings of fact and conclusions of law. Consequently, the judgment is vacated and the case remanded so that the superior court may enter a judgment setting forth requisite findings of fact and conclusions of law that will allow meaningful appellate review of the trial court's

[4] See generally *In the Interest of D. L. G.*, 212 Ga. App. 353 (1) (442 SE2d 11) (1994) (OCGA § 9-11-52 (a) requires trial judge to ascertain facts and to state not only end result of that inquiry, but the process by which it was reached; mere recitation of trial events does not satisfy requirements of Code provision; bare statement of what court considered in reaching its conclusion is not a recitation of how those facts give support to or what constitutes the separate conclusions); *Pruitt v. First Nat. Bank of Habersham County*, 142 Ga. App. 100-101 (1) (235 SE2d 617) (1977) (OCGA § 9-11-52 (a) requires more than a paraphrase of statutory requirements and an ultimate conclusion; thus, when trial judge enters order with merely a dry recitation that certain legal requirements have been met, adequate appellate review of trial judge's decision making process is effectively prevented), superseded by statute as stated in *Jerome Road, LLC v. First Citizens Bank and Trust Co.*, 312 Ga. App. 583, 584-585 (718 SE2d 913) (2011).

[5] See *Grantham v. Grantham*, 269 Ga. 413, 414 (1) (499 SE2d 67) (1998) (noting that findings of fact and conclusions of law enable the parties to specify the errors the trial court purportedly made, as well as enable the appellate court to review the judgment adequately and promptly).

[6] That Code provision states, in pertinent part, that "in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specifically and shall state separately its conclusions of law." See *Hunter v. Hunter*, 289 Ga. 9, 11-12 (5) (709 SE2d 263) (2011) (further construing OCGA § 9-11-52 (c), as providing trial court with discretion, but not imposing a mandate, to grant a motion for findings of fact after entry of judgment); *Payson v. Payson*, 274 Ga. 231, 234-236 (2) (552 SE2d 839) (2001) (explaining interplay between subsections (a) and (c) of OCGA § 9-11-52); *Jerome Road, LLC*, supra (same).

[7] *Hunter*, supra at 11 (5) (citation and punctuation omitted). See OCGA § 36-82-77 (a) (judge of the superior court shall hear and determine all questions of law and of fact in bond validation case and shall render judgment thereof); *Steadham v. State of Ga.*, 224 Ga. 78, 80-81 (2) (159 SE2d 397) (1968) (noting that a bond validation proceeding is not one of the class of cases in which jury trials have ever existed as a matter of right).

rejection of Sherman's arguments.[8]

Alternatively, the superior court may upon remand dismiss the action if it determines that re-entry of judgment (with mandated findings of fact and conclusions of law) would serve no purpose. This is because: (a) DAFC has briefed this court that the bonds have not been issued, that it has no intent to issue the bonds authorized by the trial court's judgment, and that the case should be remanded so that it (DAFC) may "petition the Fulton County Superior Court for an order withdrawing the bond validation Order" as moot;[9] (b) the State of Georgia represents to this court that it is "merely a nominal party to the bond proceeding" and thus "to the extent it has an interest in the issues on appeal, those interests have been preserved by DAFC's filings"; (c) 1138 Peachtree Land Holdings has briefed this court that it is no longer operating and that the development of the facility that is the subject of the bond validation proceeding was never commenced; (d) Sherman, concerned that DAFC seeks a remand "to get a 'do over' at the trial level because of . . . legal infirmities associated with the final order,"[10] asserts that any remand should result in a dismissal "with prejudice"; and (e) citing Sherman's concern, DAFC has briefed this court: "[Sherman's] Response . . . sought only to insure that any order remanding the case require DAFC to seek withdrawal with prejudice, a condition that is perfectly consistent with DAFC's intent not to issue bonds for this project."

Given the foregoing, we remand this case for proceedings not inconsistent with this opinion.

*Judgment vacated and case remanded with direction. Andrews and McFadden, JJ., concur.*

DECIDED FEBRUARY 21, 2012.

*John F. Woodham*, for appellant.
*Paul L. Howard, Jr., District Attorney, Ichter Thomas, Cary*

---

[8] See *Grantham*, supra (remanding case with direction that the trial court enter findings of fact and conclusions of law which will allow meaningful appellate review of its decision); *Sanders v. Stone*, 255 Ga. 704, 706 (342 SE2d 318) (1986) (vacating judgment and remanding case for trial court to enter findings and conclusions of law, where an intelligent review of the merits of the appeal was precluded by lack thereof); *In the Interest of D. L. G.*, supra. See generally *Marsh v. Way*, 255 Ga. 284, 285 (2) (336 SE2d 795) (1985) (when an appellate court vacates a trial court's judgment and remands for findings of fact and conclusions of law on a specific issue, this does not permit the trial court to reopen the case for other purposes; instead, the scope of the trial court's authority to act on remand is limited to the specific purpose of making the applicable findings and conclusions).

[9] See, however, *In the Interest of I. S.*, 278 Ga. 859, 862 (607 SE2d 546) (2005) (a matter does not become moot if adverse collateral consequences continue to plague affected party).

[10] See, however, *Marsh*, supra.

*Ichter, S. Renee Huskey, Schiff Hardin, Sandra Z. Zayac, Lanna R. Hill*, for appellee.

