A91A0070. SWANSON v. DEPARTMENT OF TRANSPORTATION.
(409 SE2d 74)

POPE, Judge.

This is the second appearance of this case before this court. In 1983, the Georgia Department of Transportation filed a declaration of taking of .801 acre of land owned by appellant/condemnee La Myra Kane Swanson. In the first appearance of this case before this court, the court reversed a jury verdict for Swanson in the amount of $132,000 and remanded the case for new trial. *Department of Transp. v. Swanson*, 191 Ga. App. 752 (382 SE2d 711) (1989). The case was retried in June 1990. The jury returned a verdict in favor of Swanson in the amount of $60,000. Swanson appeals from that verdict.

1. In her first enumeration of error Swanson contends that it was error for the trial court to charge the jury as follows: "You should also look at all the evidence and circumstances of this case and determine for yourselves whether or not Mrs. Swanson should have minimized her alleged consequential damages, and if so, to what extent such should have reasonably and fairly have been done by her, if any should have been done by her. You may determine that there was no duty on her part to minimize her alleged consequential damages under the evidence of this case and under the circumstances of this case. What you find on this issue, like the other issues in this case, is purely a matter for you, the members of the jury to determine from the evidence of this case and on the law that I now give you to apply to the evidence." Swanson contends that this charge was error because there was no evidence that noise was a factor that reduced the value to the remainder of Swanson's property. We cannot agree.

Swanson clearly made noise an issue in this case. The record is replete with testimony concerning noise on the remainder of Swan-

son's property, including testimony by Swanson's witnesses that the property is now noisier than before the taking. Swanson's counsel informed the court that Swanson was seeking damages stemming from the exposure of Swanson's property to the increased noise of the expanded right-of-way. Swanson's first request to charge, which was given by the trial court, contained the following language: "I further charge you that in determining the diminished market value of her remaining property, due consideration should be given to all of the elements reasonably affecting value, such as . . . the increase in noise . . . arising from the close proximity to the remaining property of the traffic lanes of the interstate highway abutting the remaining property. . . ." There was evidence presented about how Swanson could minimize the noise inside her home by installing storm windows and doors, without objection by Swanson's counsel. From the evidence presented, the jury could have determined that a reasonable mitigatory option existed. Therefore, the trial court's charge on mitigation of consequential damages cannot be error in this case. *Department of Transp. v. Ladson Investments*, 158 Ga. App. 687, 690 (3) (282 SE2d 171) (1981); *Garber v. Housing Auth.*, 123 Ga. App. 29 (179 SE2d 300) (1970).

2. Swanson also asserts that the trial court erred in charging the jury as follows: "Now in determining the value of property, you are restricted to the uses which may be lawfully made of it at the time of the taking as set out in the zoning ordinances then in effect, provided that if there is a possibility or probability that a zoning ordinance would be repealed or amended so as to authorize a more valuable use in the *immediate future* sufficient to have an effect on the value." (Emphasis supplied.) Swanson argues that the charge was erroneous because it required the jury to find that there was a possibility or probability that the property could be immediately rezoned to a higher density use before it could award consequential damages to Swanson for a zoning change. The jury, however, was further charged on this issue as requested by Swanson as follows: "I charge you that while you may, in determining the value of property condemned, consider all uses to which it might reasonably have been put, including any use not permitted under the applicable zoning ordinance affecting the property at the time of the taking, and the time of the taking again was November [3], 1983; if the likelihood of obtaining a change of zoning to permit such use then existed to such an extent as to have a measurable influence on its market value at the time, and even then the property must not be evaluated as though the rezoning had already been accomplished, but in light of the existing zoning with the prospect of obtaining the zoning change, and the impact of that prospect upon its market value. The question of the existence of a reasonable possibility or probability of a change in zoning regulations is a

question of fact for your sole determination.

"Now, if you find that on November [3], 1983, *immediately* before the taking, there was a reasonable possibility or probability of the property being rezoned, to a zoning classification which would permit the construction on the property of more than one residence per acre, and if you should further find that because of the taking by the Department of Transportation of the remaining property easements of access into Mt. Paran Road and the dead ending of Flintlock Road at Mt. Paran, the prospect of obtaining such zoning was destroyed or materially diminished, then Mrs. Swanson would be entitled to recover as consequential damages in this case the amount by which the fair market value of her remaining property was reduced thereby." (Emphasis supplied.) Thus, Swanson's requested charge also uses the word immediate when discussing the time frame for rezoning.

Swanson is correct that the jury charges this court has approved for consideration of changes in zoning in determining the fair market value of property that has been condemned do not use the term "immediate future," as used by the trial court, but "near future." See *Department of Transp. v. Sconyers*, 151 Ga. App. 824, 826 (2) (261 SE2d 728) (1979); *Civils v. Fulton County*, 108 Ga. App. 793 (134 SE2d 453) (1963). We do not find that the trial court's use of the word "immediate" gives rise to harmful error in this case since the trial court also gave Swanson's requested charges on this issue in full, and Swanson also used the word "immediate" in referring to the time frame of rezoning. It is well-settled that when a party contributes to what he subsequently assigns as error on appeal, this court will not grant him relief. *Price v. Hitchcock*, 174 Ga. App. 606, 607 (330 SE2d 807) (1985). Furthermore, " '[t]o constitute harmful error within the meaning of (OCGA § 5-5-24 (c)), an erroneous charge or failure to charge must result in a gross injustice, such as to raise a question as to whether the appellant has been deprived of a fair trial. [Cit.]' . . . [Cit.]" *Strickland v. Dept. of Transp.*, 196 Ga. App. 322, 323 (3) (396 SE2d 21) (1990). We do not find that Swanson was deprived of a fair trial by the trial court's use of the term "immediate future" rather than "near future."

3. The court has considered Swanson's final enumeration of error and finds it to be without merit.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 8, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 —

*Gambrell, Clarke, Anderson & Stolz, Paul H. Anderson*, for ap-

pellant.

Michael J. Bowers, Attorney General, Howel & Whiting, James S. Howell, John C. Whiting, for appellee.