A94A1234. DEPARTMENT OF TRANSPORTATION v. BENTON et al.

(447 SE2d 159)

BIRDSONG, Presiding Judge.

The Department of Transportation appeals the jury's condemnation award for 17.686 acres for right-of-way purposes. The land taken was part of a 123.28-acre tract owned by condemnees. Condemnor's witness Shepherd found just and adequate compensation for the land taken at $40,600 with no consequential damages. Condemnees' witness Blackwell determined the value of the land taken was $79,526 with consequential damages to the remainder of $272,449. The jury returned a general verdict for $182,800. *Held*:

1. Condemnor contends the trial court erred in allowing condemnees' witness Blackwell to testify as to the value of the property taken based on "hypothetical developed subdivision lots on condemnees' undivided, unimproved tract of land." Condemnor contends that the valuation was misleading, as there was no question that the 123.28-acre tract was an undivided, unimproved tract both before and after the taking. Both parties agree that the best use of this property is residential.

In condemnation proceedings the trial court may exercise its dis-

cretion to determine whether evidence shows a reasonable probability that the subject property can possibly be used for a proposed purpose, such as subdivision use, and the court's discretion in admitting such evidence will not be reversed unless there was a manifest abuse of discretion. *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380). In *Colonial Pipeline Co.*, an expert witness described a method for subdividing land into separate identified lots suitable for immediate residential development. We reversed the award for consequential damages because the testimony valued the land as if it were already subdivided, at the retail price that would be paid by a purchaser of a subdivided lot. Even where a different use is probable, the jury cannot evaluate the property as though the new use were an accomplished fact; the jury can only consider the new use to the extent that it affects the market value *on the date of taking*.

In all cases, the only question for decision is the value of property taken (or consequential damages) *at the time of taking. City of Dalton v. Smith*, 210 Ga. App. 858 (2) (437 SE2d 827). The fact that the property is merely adaptable to a different use is not in itself a sufficient showing in law to consider such different use as a basis for compensation; it must be shown that such use of the property is so reasonably probable as to have an effect on the present value of the land. *Colonial Pipeline*, supra at 304, citing *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 713 (2) (225 SE2d 80). Even where a different use is shown to be reasonably probable, the jury cannot evaluate the property as though the new use were an accomplished fact; the jury can consider the new use only to the extent that it affects the market value *on the date of taking. Colonial Pipeline Co.*, supra, citing Pursley, Ga. Eminent Domain, § 6-5. Condemnees' expert could give his opinion of the value of the land on the date of taking "based upon its enhanced value because of its adaptability as a residential subdivision"; he could not testify as to the value before and after the taking based upon his assumption of the value as if the property had already been subdivided, for where he gives reasons which appear to be wholly speculative or conjectural, his opinion is without foundation and without probative value. *Colonial Pipeline Co.*, supra at 305. See generally *Swanson v. Dept. of Transp.*, 200 Ga. App. 577 (2) (409 SE2d 74).

The testimony valued the land taken as if it were already subdivided, including the "net" after deducting the cost of subdividing, and as if it were fully developed and sold on the retail market. The land's *present* enhanced value based on its potential as residential development property was admissible, not its future retail "net" price as if it were already developed and were being sold on the market. The deduction of costs of development may seem to make this evidence less speculative than that evidence in *Colonial*, supra; never-

theless, the trial court erred in admitting this evidence, not simply because it is "speculative," but because it values the property at a time *after* the taking. The award of the jury, being a general award which does not distinguish direct and consequential damages, was obviously affected by it, and must be reversed; and a new trial is required.

2. Even assuming the expert's evidence of "development costs" had been admissible, it was error to allow the expert's written calculations to be sent out with the jury. "[I]t is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again . . . while oral testimony is received but once." *Tibbs v. Tibbs*, 257 Ga. 370, 371 (359 SE2d 674). In *McClure v. State*, 163 Ga. App. 236, 238 (293 SE2d 496), we held: "[C]harts and diagrams may be used during the course of a trial for the purpose of illustrating testimony or contentions but are excluded as being a continuing witness in the jury room." See also *Thomason v. Genuine Parts Co.*, 156 Ga. App. 599 (275 SE2d 159); *Woodward v. City Council of Augusta*, 117 Ga. App. 857 (162 SE2d 304). A written summary of a witness' testimony is "properly excluded" from evidence in the jury room. *Sackett v. L. L. Minor Co.*, 244 Ga. 375, 377 (5) (260 SE2d 37). "Continuing witness" evidence is unfair on its face; it is illegal and prejudicial per se, as it necessarily emphasizes what is written down at the expense of what is oral and is heard only from the witness stand. *Tibbs*, supra; *Thomason*, supra. When the jury returns a verdict toward which it was unfairly weighted by having such written matter sent out by the trial court, we cannot presume this error was harmless. In rare cases, continuing witness' evidence has been held harmless where the jury has equally countervailing written or pictorial evidence from which to evaluate the accuracy and fairness of the "continuing witness" (see *Parks v. State*, 199 Ga. App. 736, 739 (406 SE2d 229); *Kenney v. State*, 196 Ga. App. 776 (397 SE2d 131)) and it is not illegal if it falls within a specific exception created by the Uniform Rules (*McAlpine v. Leveille*, 258 Ga. 422 (2) (369 SE2d 907)), but those are unique exceptions to the rule. We will more likely reverse the verdict advocated by a "continuing witness," for to excuse it is to encourage it. Any party who uses it to buttress his case is fairly warned that he will lose his verdict, however fair it might otherwise have seemed.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 28, 1994.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Avant & Evans, Irwin B. Evans*, for ap-

pellant.

*Glover & Davis, J. Littleton Glover, Jr., R. Keith Prater*, for appellees.