## A02A0686. GEORGIA TRANSMISSION CORPORATION v. BARRON et al.
### (566 SE2d 363)

BLACKBURN, Chief Judge.

Following a jury trial to establish the value of condemned land, Georgia Transmission Corporation (GTC) appeals the verdict of $280,000 in favor of John W. Barron, Jr., arguing that the trial court erred by allowing testimony regarding the value of the residential property in question as if it were subject to commercial uses. Specifically, GTC argues that rezoning of the residential property was so speculative and remote that the valuation testimony based on its commercial use was improper. For the reasons set forth below, we agree and reverse.

The record shows that the GTC condemned a 1.34-acre portion of Barron's residentially zoned land for use as an access easement to a new electric substation site located just off Highway 20 in Gwinnett County. GTC's appraiser initially valued the property at $50,250. After a hearing, a special master awarded Barron $105,000 for the property. GTC paid this amount into the registry of the court on February 24, 1999, the official date of the taking, and took title to the property at that time. Both parties appealed the special master's award and requested a jury trial.

Prior to trial, GTC filed a motion in limine in which it asked the trial court to rule that Barron could not elicit testimony regarding the value of the property if it were rezoned to a commercial use. GTC argued that the lot was located in a residential neighborhood and that any potential commercial zoning and use were too speculative to provide the sole basis for establishing the value of the property on the date of the taking.

The trial court denied GTC's motion and allowed Barron to call Dr. Alan Aycock as a valuation expert. Aycock opined that the highest and best use for Barron's property was a commercial use. Aycock determined that, based on the commercial development growing around the residential area in which Barron's home was located, including the Mall of Georgia, the property might, at some point in the future, be rezoned for commercial use. Aycock noted that planned commercial areas were already located within several hundred feet of Barron's home. Based on these observations, Aycock decided to use only commercial properties as comparables, and he valued Barron's property at $305,000.

After Aycock testified, Barron was called to the stand. He opined that the condemned parcel of his property was worth $278,000. Barron testified that he searched courthouse deeds and records to identify comparable properties to arrive at this figure. Like Aycock, all of the comparables used by Barron were commercial properties.

In direct contradiction to this speculative testimony of Aycock and Barron, Jeff West, the manager of Gwinnett County's planning division, testified that the county's long-term Land Use Plan designated Barron's property as "Low Density Residential." He also testified that, if Barron were to apply to the zoning office to rezone his property to commercial, he would recommend that the application be denied in accordance with the county's Land Use Plan. Therefore, GTC provided evidence that any change of Barron's residential property to commercial zoning would be in direct conflict with the county's existing long-term Land Use Plan.

GTC now argues that valuation evidence based solely on commercial use of Barron's property should have been excluded as too speculative and remote. We agree.

> OCGA § 22-2-62 (d), applicable to special master proceedings and corresponding jury trials (OCGA § 22-2-108), directs that in determining the value of the property or interest the trier of fact is not restricted to the agricultural or productive qualities of the land. "(I)nquiry may be made as to all other legitimate purposes to which the property or interest could be appropriated." OCGA § 22-2-62 (d). "It is appropriate for a jury to be allowed to inquire into all legitimate purposes, capabilities and uses to which the property might be adapted, *provided that such use is reasonable and probable and not remote or speculative.*"

(Emphasis in original.) *Elliott v. Henry County Water &c. Auth.*[1]

---

[1] *Elliott v. Henry County Water &c. Auth.*, 238 Ga. App. 15, 17 (4) (517 SE2d 545) (1999).

In this case, the valuation testimony provided by Aycock and Barron was inappropriate for two reasons: (1) it was based on pure speculation that Barron's property would be rezoned to a commercial use and (2) it assumed that the property was already being used commercially at the time of the taking. Such testimony is inappropriate.

> In all cases, the only question for decision is the value of property taken (or consequential damages) at the time of taking. The fact that the property is merely adaptable to a different use is not in itself a sufficient showing in law to consider such different use as a basis for compensation; it must be shown that such use of the property is so reasonably probable as to have an effect on the present value of the land. Even where a different use is shown to be reasonably probable, the jury cannot evaluate the property as though the new use were an accomplished fact; the jury can consider the new use only to the extent that it affects the market value on the date of taking. Condemnees' expert could give his opinion of the value of the land on the date of taking based upon its enhanced value because of its adaptability as a [commercial property]; he could not testify as to the value before and after the taking based upon his assumption of the value as if the property had already been [commercially developed], but where he gives reasons which appear to be wholly speculative or conjectural, his opinion is without foundation and without probative value.

(Citations, punctuation and emphasis omitted.) *Dept. of Transp. v. Benton.*[2]

In this case, Barron's valuation testimony was based on speculative and conjectural reasoning, and, as such, this testimony lacked both a proper foundation and probative value. Because Aycock and Barron were improperly allowed to provide speculative valuations of Barron's property based on its use as a commercial property at the time of its taking, the trial court abused its discretion in this matter, and this case must be reversed. *Colonial Pipeline Co. v. Williams.*[3]

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED MAY 24, 2002 —
RECONSIDERATION DENIED JUNE 5, 2002 —

*Webb, Tanner & Powell, Robert J. Wilson*, for appellant.

---

[2] *Dept. of Transp. v. Benton*, 214 Ga. App. 221, 222 (1) (447 SE2d 159) (1994).
[3] *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380) (1992).

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert,* for appellees.