## A07A2377. COLLINS & ASSOCIATES v. HENRY COUNTY WATER AND SEWERAGE AUTHORITY.
### (661 SE2d 568)

RUFFIN, Judge.

Henry County Water and Sewerage Authority ("Henry County") petitioned to condemn 5.46 acres of land owned by Collins & Associates ("Collins"). Following a jury trial, Collins was awarded $79,856.01. Collins appeals, challenging evidentiary rulings made by the trial court. In several other enumerations of error, Collins contends that the trial court erred in charging the jury. Finding no reversible error, we affirm.

Viewed favorably to the verdict,[1] the evidence shows that Henry County filed a petition in Henry County Superior Court to condemn 5.46 acres owned by Collins for the purpose of creating a water reservoir. The special master in the case recommended that the property be condemned and that Collins receive $27,100 in compensation. Collins appealed the award, demanding a jury trial. Following a trial at which both Henry County and Collins presented expert testimony regarding valuation, the jury awarded $79,856.01.

1. In its first claim of error, Collins contends that the trial court erred in granting Henry County's motion in limine, thereby excluding evidence of a boundary line dispute.[2] Specifically, Collins argues that because of a boundary dispute, Henry County was taking 9.78 acres rather than the 5.46 acres named in the petition. Henry County argued that, pretermitting the existence of a boundary dispute, it had

---

[1] See *Ga. Power Co. v. Jones*, 277 Ga. App. 332 (626 SE2d 554) (2006).

[2] We take this opportunity to remind Collins' counsel of several of this Court's rules regarding briefs submitted to this Court. In particular, Court of Appeals Rule 25 (c) (1) mandates that the sequence of arguments in briefs "shall follow the order of the enumeration of errors, and shall be numbered accordingly." Here, Collins has failed to adhere to this rule and, indeed, the appellant has only five argument sections to address six enumerated errors. To the extent we are unable to ascertain which arguments have been addressed, such errors will be deemed abandoned. See *S & A Indus. v. Bank Atlanta*, 247 Ga. App. 377, 379 (543 SE2d 743) (2000).

only taken 5.46 acres and the only issue to be decided was the value of that acreage. The trial court agreed with Henry County, determining that if any additional acreage was flooded after the completion of the reservoir, Collins might have a separate action for inverse condemnation, but that the only issue to be tried at that time was the value of the 5.46 acres already condemned.[3]

We review a trial court's ruling excluding evidence for abuse of discretion.[4] As noted by the trial court, the sole issue to be determined in a condemnation matter is the just and adequate compensation due for property taken.[5] Here, the trial court found — and the record supports — that Henry County condemned only 5.46 acres owned by Collins. Under these circumstances, the trial court did not abuse its discretion in excluding evidence regarding an alleged boundary dispute.

2. Collins also challenges the ruling of the trial court "excluding evidence of damages caused by the implementation of the Watershed Protection Ordinance." According to Collins, the trial court improperly

> exclud[ed] any evidence relating to the effect of the imposition of the Water Quality Critical Overlay on the subject property and, specifically, evidence of the ability to develop the property which is direct evidence of damages resulting from the Watershed Protection Ordinance being implemented and the loss of density in such development caused by that implementation.[6]

However, this is an inaccurate representation of the trial court's ruling. As the trial court noted, "[t]he only issue is value of this land, as it is, *with the Watershed Protection Ordinance in its place.* . . . [The issue is] [n]ot that the passing of the ordinance caused the damages."[7] Thus, the trial court precluded only that evidence showing that the *passage* of the ordinance, which was enacted by a legal entity other than the Henry County Water and Sewerage Authority, damaged the

---

[3] Collins raised the same argument before the special master, who rejected it, finding that – after comparing the metes and bounds in the plat provided – Henry County sought to condemn only 5.46 acres.

[4] See *Thornton v. Dept. of Transp.*, 275 Ga. App. 401, 403 (1) (620 SE2d 621) (2005); *Dept. of Transp. v. Wright*, 169 Ga. App. 332, 334 (1) (312 SE2d 824) (1983).

[5] See *H.D. McCondichie Properties v. Ga. Dept. of Transp.*, 280 Ga. App. 197, 198 (1) (633 SE2d 558) (2006); *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 901 (1) (517 SE2d 365) (1999) ("The only relevant inquiry is the fair market value of the property at the time of the taking.").

[6] Although Collins contends that Henry County tendered a copy of the ordinance, Collins neither points to the ordinance's location in the record nor clarifies the import of this ordinance.

[7] (Emphasis supplied.)

property. The trial court did not preclude Collins from establishing the value of the property taken, taking into consideration the existence of the ordinance. To the extent the passing of the ordinance constituted a taking, the trial court ruled that Collins would have to bring suit against the Henry County Board of Commissioners for inverse condemnation.

As the trial court properly found, the only issue to be tried was the just and adequate compensation for the condemned property at the time of the taking.[8] Thus, the trial court was authorized to find that evidence regarding damages caused by the prior *passage* of an ordinance by the Henry County Board of Commissioners was irrelevant to the issue to be tried. And the trial court did not limit Collins from showing that the value of the property was influenced by the ordinance. "[T]he trial court has wide discretion to admit testimony of questionable relevance."[9] Here, we cannot say that the trial court abused its discretion in excluding such evidence.

3. According to Collins, the trial court abused its discretion in striking part of its expert's testimony related to consequential damages. Although the condemned land was undeveloped, Collins' expert, Allen Aycock, used subdivision plats to establish the value of the property. The trial court excluded this testimony under the reasoning of *Dept. of Transp. v. Benton*.[10] In so doing, the trial court did not manifestly abuse its discretion.[11]

Again, the sole relevant issue in a condemnation proceeding is the just and adequate compensation for the property taken *at the time of the taking*.[12] Thus, even if the condemned property could be used for a different purpose, the jury cannot value the property as though the new use had already been accomplished.[13] Rather, the jury may only consider a proposed new use of the property "to the extent that it affects the market value on the date of taking."[14] And a trial court enjoys broad discretion in determining whether an expert's testimony tends to show the former rather than the latter, and its rulings admitting or excluding such evidence will not be disturbed absent manifest abuse of discretion.[15]

---

[8] See *H.D. McCondichie*, supra; *Mendel*, supra; *Wright*, supra at 336.

[9] *Henry County Water & Sewerage Auth. v. Adelson*, 269 Ga. App. 206, 207 (1) (603 SE2d 714) (2004).

[10] 214 Ga. App. 221 (447 SE2d 159) (1994).

[11] See *Woodland Partners Ltd. Partnership v. Dept. of Transp.*, 286 Ga. App. 546, 550-553 (3) (650 SE2d 277) (2007).

[12] See *Ware v. Henry County Water & Sewerage Auth.*, 258 Ga. App. 778, 783 (4) (585 SE2d 654) (2002).

[13] See id.

[14] Id.

[15] See *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380) (1992).

In *Benton*, we found that an expert's value testimony using "hypothetical developed subdivision lots on [the] condemnees' undivided, unimproved tract of land" was inadmissible.[16] Specifically, this Court reasoned that, "[e]ven where a different use [of the land] is probable, the jury cannot evaluate the property as though the new use were an accomplished fact."[17] This rule has been reiterated in several subsequent cases.[18] And this rule has application here, where the evidence shows that the undeveloped property was several miles away from a water source and lacked utilities necessary for development. Under these circumstances, the trial court did not abuse its discretion in striking that portion of Aycock's testimony valuing the property as though it had been subdivided for development.[19]

4. In two enumerations of error, Collins challenges certain jury instructions given by the trial court.[20] It is axiomatic that, in viewing a challenge to jury instructions, we view the charge as a whole in determining whether it contained error.[21] Moreover, "[t]he trial court's failure to give a jury charge in the exact language requested is not error where the charges actually given substantially cover the principles contained in the request."[22]

(a) Collins contends that the trial court erred in charging the jury that "[t]he only issue is what constitutes just and adequate compensation for the property taken." According to Collins, by failing to instruct jurors that the property owner is also entitled to compensation for property damaged, the court misled jurors. However, in reviewing the entire charge, it is apparent that the trial court fully explained that the government must compensate the condemnee for both direct and consequential damages, including the diminished value of the remaining property. Thus, when viewed as a whole, the charge sufficiently informed jurors of the issue to be tried.[23]

To the extent that Collins also attempts to argue that the trial court erred in charging the jury on allegations in the pleadings, we

[16] (Punctuation omitted.) *Benton*, supra at 221-223 (1).

[17] Id. at 222.

[18] See *Woodland Partners*, supra; *Ware*, supra; *Ga. Transmission Corp. v. Barron*, 255 Ga. App. 645, 647 (566 SE2d 363) (2002); *MTW Investment Co. v. Alcovy Properties*, 228 Ga. App. 206, 209, n. 2 (491 SE2d 460) (1997).

[19] See *Woodland Partners*, supra; *Benton*, supra.

[20] Collins actually alleges three enumerations of error, but provides argument and citation of authority for only two. Thus, the third enumeration of error – that the trial court erred in charging the jury as to the burden of proof – is deemed abandoned. See *Parekh v. Wimpy*, 288 Ga. App. 125, 126 (1) (653 SE2d 352) (2007) (" '[a]ny enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned' ").

[21] See *Ware*, supra at 784 (7).

[22] (Punctuation omitted.) *City of Roswell v. Bolton*, 271 Ga. App. 1, 6 (4) (608 SE2d 659) (2004).

[23] See *Columbia County v. Doolittle*, 270 Ga. 490, 493 (2) (512 SE2d 236) (1999).

note that this is beyond the scope of the error as enumerated, "[a]nd a party cannot expand [its] enumerations of error through argument or citation in [its] brief."[24]

(b) In its final enumeration of error, Collins asserts that the trial court erred in its charge on "the definition of an arms length transaction."[25] The trial court instructed jurors that "[t]he fair market value of a piece of property is the price which it will bring when it is offered for sale by one who desires, but is not obliged to sell it, and is bought by one who wishes to buy, but is not under a necessity to do so." As this is an accurate statement of the law, we see no error in the giving of this charge.[26]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 18, 2008 —
RECONSIDERATION DENIED APRIL 7, 2008 — 

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, Nicholas S. Papleacos*, for appellant.
*Smith, Welch & Brittain, William A. White*, for appellee.

---

[24] (Punctuation omitted.) *Manley v. State*, 287 Ga. App. 358, 360 (4) (651 SE2d 453) (2007).
[25] We note that Collins does not accurately cite in the record where this allegedly objectionable charge was given.
[26] See *Fulton County v. Cox*, 99 Ga. App. 743, 748 (2) (109 SE2d 849) (1959).