**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 8, 2021**

# In the Court of Appeals of Georgia

A21A0439. GAME TRUCK GEORGIA, LLC v. SALVADOR REYES QUEZADA.

COLVIN, Judge.

Salvador Reyes Quezada ("Reyes") sued Game Truck Georgia, LLC, for negligence after he sustained injuries in a game of bubble soccer. After a trial, the jury awarded Reyes five million dollars in damages.[1] On appeal from the trial court's denial of its motion for new trial, Game Truck Georgia argues that the trial court erred by (1) failing to charge the jury on assumption of the risk, (2) refusing to allow the jury to consider the fault of nonparties, (3) allowing Reyes's expert to provide opinions on irrelevant Georgia law, and (4) denying a new trial on the damages award

---

[1] The jury apportioned fault, finding Reyes 7 percent responsible for his own injuries and Game Truck Georgia 93 percent responsible. In its entry of final judgment, the trial court accordingly adjusted the jury's damages award to $4,650,000.

as excessive in light of the evidence. For the following reasons, we reverse the trial court's judgment and remand for a new trial.

The record shows that Reyes was a senior on Campbell High School's soccer team in 2016. To celebrate the end of the soccer season, the school's soccer coach organized a bubble soccer match for the soccer teams. Game Truck Georgia provided the bubble soccer equipment and facilitated the bubble soccer matches, where participants would play soccer while wearing large, inflatable bubble suits.

Employees of Game Truck Georgia provided a briefing to prior to the start of the bubble soccer event, where the participants were informed of the rules of bubble soccer. Prior to the start of each match, Game Truck Georgia employees assisted the participants with putting on the bubble suits correctly and reminded them of important safety rules. Reyes was late to the event, so he missed the initial safety briefing. Reyes testified that he observed participants in earlier matches running into each other with the bubble suits on, and that no Game Truck Georgia employee warned him of any safety precaution prior to his bubble soccer match. In fact, Reyes testified that he felt safe in the bubble suit and had no indication that bubble soccer could be dangerous.

2

At the start of Reyes's bubble soccer match, he ran fast toward another participating student. When Reyes collided with the student, he fell to the ground and was injured. The soccer coach called for an ambulance when he noticed excessive bleeding from Reyes's nose and swelling on his forehead. At the hospitals, doctors determined that he had multiple bone fractures in his forehead and brain damage to his frontal lobe. As a result of his injuries, Reyes required surgery to implant a prosthetic plate in his head. After surgery, Reyes continued to experience cognitive impairment and a permanent loss of taste and smell.

During a pretrial hearing, the trial court ruled on two motions in limine. In granting the first motion, the trial court excluded Game Truck Georgia's liability release form from evidence. Arguing against this motion in limine, Game Truck Georgia asserted that the release form was relevant to its theory of nonparty fault as to the school district, the school, and a school employee. The trial court found that the release form would not be relevant because Game Truck Georgia had not included its theory of nonparty fault in the pretrial order.

The trial court denied a second motion in limine in which Game Truck Georgia argued for the exclusion of opinions from Reyes's expert in operational safety for recreational sporting equipment on regulations and standards that govern amusement

rides but not for activities like bubble soccer. The trial court denied this motion, and at trial, the expert opined that Game Truck Georgia failed to provide specific safety instructions and warnings to participants and failed to enforce rules by stopping unsafe behavior.

At the conclusion of trial, the trial court charged the jury but did not include an instruction on assumption of the risk, even though such a charge was requested by Game Truck Georgia. Although the charge conference was not taken down, Game Truck Georgia objected to the lack of charge for assumption of the risk and the trial court noted its refusal to give the requested charge for the record.

1. Game Truck Georgia argues that the trial court erred by refusing to give a jury charge on assumption of the risk. We agree.

"It is the duty of the trial court, whether requested or not, to give the jury appropriate instructions on every substantial and vital issue presented by the evidence, and on every theory of the case." (Citation and punctuation omitted.) *Almassud v. Mezquital*, 345 Ga. App. 456, 458 (1) (811 SE2d 110) (2018). "There need be only slight evidence supporting the theory of the charge to authorize a requested jury instruction." (Citation omitted.) *Daly v. Berryhill*, 308 Ga. 831, 833 (843 SE2d 870) (2020). "It is also necessary to decide whether the law given in the

4

disputed charge was adequately explained by other portions of the trial court's instruction." *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 227 (1) (547 SE2d 637) (2001). "The failure to charge on a properly asserted and legally cognizable theory of recovery or defense, whether requested or not, or attention be called to it or not, is harmful as a matter of law." (Citations omitted.) *Almassud*, 345 Ga. App. at 458 (1).

> The affirmative defense of assumption of the risk bars a plaintiff from recovering on a negligence claim if it is established that he, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not. A defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks. Knowledge of the risk means that the plaintiff has both actual and subjective knowledge of the specific, particular risk of harm associated with the activity or condition that proximately causes injury.

(Citations and punctuation omitted.) *Daly*, 308 Ga. at 834.

Prior to trial, Game Truck Georgia requested that the trial court charge the jury with the pattern jury instruction for assumption of the risk:

5

> When a person knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care for one's own safety, that person cannot hold another liable for injuries proximately caused by such action even though the injuries may be in part attributable to the negligence of the other person.

Georgia Suggested Pattern Jury Instructions 60.130.

Reyes does not dispute that the pattern charge for assumption of the risk contains an accurate statement of the law. Despite Game Truck Georgia's assertion of the defense of assumption of the risk in the pretrial order, Reyes argues that the charge was not warranted because it is not supported by the evidence presented at trial. Nonetheless, an examination of the record reveals that there was at least slight evidence that Reyes had knowledge of the risk he was undertaking by charging at another player during the bubble soccer game.

At trial, Game Truck Georgia elicited testimony that Reyes had played soccer since a young age, that he was familiar with its rules, that he understood that bubble soccer would be played according to the basic rules of soccer, and that the rules of soccer prohibit players from head-butting or rushing at other players who do not have the ball. There was also some evidence that a Game Truck Georgia employee

6

instructed Reyes not to engage in horseplay or to charge at other players prior to the bubble soccer match. Moreover, Reyes admitted to purposely running directly toward another student at the start of the bubble soccer game. Given this slight evidence, the trial court should have instructed the jury on assumption of the risk. See *Daly*, 308 Ga. at 834; *Almassud*, 345 Ga. App. at 458-459 (1).

Of course, "we view the charge as a whole in determining whether it contained error[,]" and it "is not error where the charges actually given substantially cover the principles contained in the request." (Footnotes omitted.) *Collins & Assoc. v. Henry County Water & Sewerage Auth.*, 290 Ga. App. 782, 785 (4) (661 SE2d 568) (2008). Accordingly, Reyes argues that any error was harmless since the trial court's charge as a whole reflected an accurate statement of the law and included an instruction for duty to use ordinary care for one's safety:

> Every person has a duty to use ordinary care for his or her own safety. If you should determine from the evidence that the plaintiff failed to use ordinary care, and that the failure was the sole proximate cause of the plaintiff's injuries, then the plaintiff could not recover from the defendant.

Georgia Suggested Pattern Jury Instructions 60.110. Although similar to the requested charge on assumption of the risk, the pattern charge on duty to use ordinary

7

care for one's safety omits the knowledge and voluntary exposure elements highlighted in the pattern charge of assumption of the risk. Therefore, the charge as given is not a complete statement of the appropriate law that makes up Game Truck Georgia's defense on the substantial and vital issue of assumption of the risk. See *Golden Peanut Co.*, 249 Ga. App. at 229-230 (1) (reversible error where trial court gave part, but not all, of pattern jury charge on defense of accord and satisfaction).

"While we are reluctant to disturb any jury's verdict, a new trial must be granted when a trial court deprives a defendant of a theory of defense by failing to give a charge that is sustained by the evidence." (Citations and punctuation omitted.) *Almassud*, 345 Ga. App. at 460 (1). Thus, we must grant a new trial because the trial court's failure to give the requested charge on assumption of the risk "deprived [Game Truck Georgia] of defenses fairly raised by the evidence." *Golden Peanut Co.*, 249 Ga. App. at 230-231 (1).

2. Game Truck Georgia argues that the trial court erred by denying the addition of potentially at-fault nonparties to the verdict form under Georgia's apportionment statute. We disagree.

The trial court's ruling in question was made contemporaneously with a ruling on a motion in limine to exclude evidence concerning Game Truck Georgia's release

form. Arguing against the exclusion of such evidence, Game Truck Georgia asserted that the release form was relevant to its theory of nonparty fault. Game Truck Georgia also explained to the trial court that it was entitled to have the jury consider the issue of nonparty fault because it filed a proper notice of fault. The trial court ruled that "[t]here's certainly nothing whatsoever contained within the [p]retrial [o]rder that indicates . . . that there's any issue concerning apportionment of fault. So I will grant the [m]otion in [l]imine." Game Truck Georgia made no objection following the ruling on the motion in limine and no objection appears in the record as to the form of the verdict.[2] Accordingly, Game Truck Georgia has not preserved this error for appeal. See *Auto-Owners Insurance Co. v. Dolan*, 342 Ga. App. 179, 182 (2) (803 SE2d 104) (2017) ("In the absence of such *specific and timely* objections, a party waives error relating to the manner in which questions on a special verdict form are submitted to the jury") (citation and punctuation omitted; emphasis supplied), reversed on other grounds by *Williams v. Harvey*, __ Ga. __ (1) (b) (Case No. S20G1121, decided May 17, 2021).

---

[2] The verdict form submitted to the jury contained a section for the apportionment of fault between Game Truck Georgia and Reyes only.

9

Even assuming that Game Truck Georgia made a specific and timely objection as to the inclusion of the nonparties on the verdict form, Game Truck Georgia has not shown that the trial court erred by refusing to let the jury consider nonparty fault.

Two years prior to trial, Game Truck Georgia filed three notices of potential nonparty fault, identifying the Cobb County Board of Education, Campbell High School, a school employee, and the student with whom Reyes collided. The student's status as a nonparty was not put before the trial court. Instead, Game Truck Georgia argued only for the jury's consideration of the school-related nonparties based upon the fact that the nonparties failed to distribute Game Truck Georgia's release forms to the students participating in bubble soccer. Had they done so, Game Truck Georgia argues, Reyes would have been informed of the risk of physical injury associated with playing bubble soccer. But Game Truck Georgia has not challenged on appeal the trial court's grant of the motion in limine excluding evidence relating to the release forms. Under these circumstances, when the exclusion of evidence related to the release forms has not been challenged on appeal, and when Game Truck Georgia bases its theory of fault for the school-related nonparties on the excluded evidence, there is no "competent evidence that the nonpart[ies] in fact contributed to the alleged injury or damages." *Southwestern Emergency Physicians, P.C. v Quinney*, 347 Ga.

App. 410, 427 (4) (819 SE2d 696) (2018). Accordingly, Game Truck Georgia has not properly preserved its argument as to the jury's consideration of nonparties.

3. Game Truck Georgia also argues that the trial court erred by allowing Reyes's expert witness to provide opinions based upon Georgia's Rules and Regulations of Amusement Rides and Devices and American Society of Testing Materials ("ASTM") standards for amusement ride because bubble soccer is not governed by those regulations and standards. At trial, Reyes's expert on operational safety for recreation sporting equipment testified that he reviewed Georgia's Rules and Regulations of Amusement Rides and Devices and ASTM standards as part of his research on the rules of bubble soccer. The expert explained that, although he reviewed those materials, he did not ultimately rely upon them in forming the opinions to which he testified. Under these facts, we find no abuse of discretion in admitting this testimony. See *Layfield v. Dept. of Transp.*, 280 Ga. 848, 851 (1) (632 SE2d 135) (2006) (an expert's opinion based upon inadequate knowledge "does not mandate the exclusion of the opinion but, rather, presents a jury question as to the weight which should be assigned the opinion") (citations and punctuation omitted); *Cleveland v. Sentinel Ins. Co.*, 354 Ga. App. 795, 796-797 (1) (840 SE2d 738) (2020)

11

(reviewing a trial court's ruling on the exclusion of expert opinion for abuse of discretion).

4. Given our finding in Division 1, we need not discuss whether the award for damages was so excessive in light of the evidence that a new trial was warranted on this issue.

*Judgment reversed and case remanded. Dillard, P. J., and Mercier, J., concur.*