45741, 45742.   CITY OF ATLANTA v. WEST; and vice versa.

ARGUED NOVEMBER 3, 1970—DECIDED JANUARY 6, 1971—
REHEARING DENIED FEBRUARY 4, 1971—CERT. APPLIED FOR.

256

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, John L. Watson, Jr.,* for appellant.

*Henry L. Bowden, Ralph C. Jenkins, Albert B. Wallace,* for appellee.

EVANS, Judge. ■ As found in the transcript of the proceedings in a colloquy between the court and counsel for both parties, the court asked the question of both counsel: "Now March 3, 1969, is the date of taking, is that correct?" Counsel for both parties replied: "Yes, sir." This leaves it by admission of counsel for both parties that the date of taking by the city was March 3, 1969. Therefore, under the authority of *Housing Authority of City of Decatur v. Schroeder,* 222 Ga. 417 (151 SE2d 226) the only question for decision in this case was the value of the property at the time of its actual taking, and the jury could not consider the

value of the property prior to the actual taking, which both parties admitted was March 3, 1969. This precludes the questions which the condemnor seeks to raise in the cross appeal, that the condemnee, knowing that his property was to be taken by eminent domain, and for the sole purpose of enhancing the damages, and not in the natural, ordinary and legitimate use of such property, moved or constructed a building thereon before the taking of the property. The owner could do with his property as he so desired up until the actual date of taking, and it appeared from the record here that the residential building, called a duplex, was moved onto the property in January before the taking, and before March 3, 1969, resulting in the residential lot becoming improved property before the date of actual taking.

The trial court did not err in (1) refusing to confine the issues as to whether or not the land being acquired on the date of taking was improved property with personal property not yet a part of the realty; (2) excluding the testimony of the witness Paul B. Ivey (T. pp. 69-78) with reference to the fact that the condemnee was familiar with the city offices involved in the acquisition of land for the Atlanta Airport, including the copies of the plats of the various areas around the airport which the city was interested in acquiring; and (3) refusal of the court to admit the testimony of the witness McAlvin (T. p. 80), that the city was not aware that the condemnee owned the property which it had been trying to purchase through negotiations with a former owner, thinking he still owned the property. The sole question at issue here was the actual value of the property taken by the City of Atlanta under its power of eminent domain.

None of the questions of fraud or deceit on the part of the owner-condemnee in improving his property before the date of taking can be considered since the sole question for determination is the value, and the court properly instructed the jury that it was to determine the amount of money that would constitute just and adequate compensation for the taking of the property March 3, 1969, from the evidence supporting it and under the rules of law given in the charge by the court.

None of the errors enumerated in the cross appeal by the city is meritorious.

■ When an expert witness testifies as to the value of property in a condemnation case, and the examination of the witness discloses that his examination of the property had been made both before and after the date of taking, this does not prevent his testimony from having probative value as to the date of taking where the witness testifies as to his familiarity with the property as of the date of taking. His entire testimony cannot be excluded. *Moore v. State Hwy. Dept.*, 117 Ga. App. 15, 17 (159 SE2d 428); *Ga. Power Co. v. Livingston*, 103 Ga. App. 512 (2) (119 SE2d 802). An expert witness is given much latitude in answering questions based upon actual facts within his knowledge, and hypothetical facts, also in evidence, from which he must base and render an expert opinion as to the value. Nor did the court err in allowing him to testify as to what he saw on the premises both before and after the date of taking.

■ There was no error committed where a witness was asked a hypothetical question and the objection was that the hypothecation was not based upon facts in evidence, the witness testifying that these facts would not have controlled the value of the property. Conceding without deciding, that the objection to the question was good because it was not based upon facts in evidence, yet there was no harm committed because the witness answered that the alleged false assumption of facts would not control him as an expert. As no harm was shown by the answer, the error, if any, was harmless. See in this connection *Elliott v. Ga. Power Co.*, 58 Ga. App. 151, 155 (197 SE 914) wherein the question was not answered. Further, the witness on cross examination as an expert can be put to a thorough and sifting cross examination as to his knowledge as such expert. There is no merit in this complaint.

■ The court fully charged the jury the law as related to quotient verdicts. It was not error that the court failed to further instruct the jury that if they did find a quotient verdict, "that the jury could then agree as to what that quotient verdict was." This would have been in conflict with the court's earlier instruction that quotient verdicts are not permitted. The charge, if given as requested, would have been confusing to the jury after the court had explained that they could not use the quotient method of obtaining a verdict. Under such circumstances he properly refused to recall them and charge them that under certain situations a quo-

tient verdict would be legal. We find no error in this complaint.

Having considered each and every enumerated error in the appeal and cross appeal, and finding no reversible error in any of them, the judgment of the court must be affirmed.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*