60019. WRIGHT et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

SMITH, Judge.

Appellants bring this appeal from a jury verdict in the amount of $116,600 for a parcel of land condemned for the Metropolitan Atlanta Rapid Transit Authority's (MARTA) mass transit rail project. Appellants contend that the trial court's charge on consequential damages was not in accordance with Georgia's constitutional requirements as to just and adequate compensation and that MARTA improperly introduced prejudicial evidence in contravention of the trial court's ruling on appellants' motion in limine. We affirm.

1. The subject property consists of 6,302 square feet fronting for 45 feet along West Peachtree Street in Atlanta. This property was part of a 31,842 square foot tract fronting along West Peachtree Street, Pine Street and Spring Street. In addition to testimony as to the market value of the condemned property on the day of taking, the evidence showed that as a result of construction raising the grade of West Peachtree Street, the remaining property would have no access to that street and would face an approximately twenty foot high concrete wall. The evidence also showed that upon completion of MARTA's Civic Center Station the remaining property would be only 250 feet from the nearest station entrance and that the access to this entrance from the remaining property would be unimpeded since that street area shared by the station and the remaining property would be level and a stairway would connect the station with street level.

The trial court gave the following as a part of his charge on the measure of consequential damages:

"I instruct you that you will consider whether consequential

damages would naturally and proximately arise to the remainder of the owners' property from the taking of that part which is taken and devoted to the purpose for which it is taken, including its maintenance and operation. The measure of such consequential damages, if any you find, is the diminution or lessening of the fair market value of the remainder of the property, proximately arising from the cause just mentioned.

"Now I further instruct you that in determining consequential damages, if any, to the part not taken, you are not confined to the damages proximately caused by the mere taking, but you may consider any evidence of damages to the remainder of the property, lessening its fair market value as of the date of taking.

*"The measure of consequential damages, if any exists, for the part of the property not taken, is the difference between the market value of the property not taken before any part is acquired and before the public improvements are made, and the market value of the remainder of the property after the part is acquired and the improvements are made.* If the market value of the remainder before the improvements is equal to or less than the market value of the remainder after improvements, there can be no recovery for consequential damages. But if the market value of the remainder before the improvements is greater than the market value of the remainder after the improvements, there should be a recovery, and the amount is the difference between the market value of the remainder before and after the taking.

"The proper measure of consequential damages is the difference between the greatest market value of the land not taken before any portion of it is condemned and improvements made by MARTA, or the Plaintiff, less the market value of the remainder after a portion is taken and improvements are made by MARTA. In other words, consequential damages equal the reduction in market value of the remaining property." (Emphasis supplied.)

Appellants contend that these constructions not only confused and misled the jury but were constitutionally defective, stating incorrect and abstract principles of law. They argue that these instructions, particularly the portion italicized above, had the effect of directing the jury to value the remaining property at some time in the future, after the improvements had been completed, rather than at the time of taking as mandated by Art. I, Sec. III, Par. I, Ga. Constitution of 1976 (Code Ann. § 2-301). *Housing Authority v. Schroeder,* 222 Ga. 417 (151 SE2d 226) (1977). In response, appellees contend the charge, taken as a whole, was not misleading, as "the jury could only have understood that consequential damages and consequential benefits, including the prospective effect of the

MARTA project, must be determined as of the date of the taking." See *State Hwy. Dept. v. Davis,* 129 Ga. App. 142 (199 SE2d 275) (1973).

The assertedly objectionable portion of the charge is substantially the same instruction recommended by this court in *State Hwy. Dept. v. Bridges,* 60 Ga. App. 240 (2) (3 SE2d 907) (1939). As the *Bridges* charge was expressly approved by the Georgia Supreme Court in *Elliot v. Fulton County,* 220 Ga. 377, 381 (139 SE2d 312) (1964), we must hold that the charge on consequential damages is not grounds for reversal by this court.

Nonetheless, we feel compelled to express our view that the subject charge is vulnerable to appellants' attack. Although the jury was instructed that "in determining consequential damages . . . you may consider any evidence of damages to the remainder of the property, lessening its fair market value *as of the date of taking,"* the jury was also instructed that "[t]he measure of consequential damages . . . is the difference between the market value of the property not taken *before any part is acquired and before the public improvements are made,* and the market value of the remainder of the property *after the part is acquired and the improvements are made."* (Emphasis supplied.) Where, as here, proposed improvements are to be made on the condemned property at some point after the date of taking, the latter instruction directs the jury to determine consequential damages to the remainder of the property as of such future time.

It is apparent the given charge instructs the jury to determine consequential damages both "as of the date of taking" and at the time "the improvements are made." As these times do not coincide, the charge is internally inconsistent. While it is conceivable that the jury reconciled the conflicting portions of the charge, appellees' contention that "the jury could only have understood that consequential damages and consequential benefits, including the prospective effect of the MARTA project, must be determined as of the date of the taking" is clearly wishful thinking. "The jury should not be left to decide between conflicts in the charge . . ." *Savannah Elec. Co. v. McClelland,* 128 Ga. 87 (2) (57 SE 91) (1907); *State Hwy. Dept. v. Hilliard,* 112 Ga. App. 498, 499 (145 SE2d 824) (1965).

2. On May 4, 1979 the Georgia Department of Transportation (DOT) condemned the remaining portion of the tract not taken by MARTA and tendered $457,755 as compensation. On July 23, 1979 appellant Wright, in response to interrogatories from DOT, indicated that just and adequate compensation for the remaining tract as of May 4, 1979 was between $650,000 and $700,000. On September 10, 1979 appellants filed a motion in limine requesting that the trial

court rule inadmissible all evidence relating to the DOT condemnation as being irrelevant to the issue of just and adequate compensation for the subject property as of September 8, 1977 and highly prejudicial to appellants' claim for consequential damages to their property remaining after the MARTA condemnation. The trial court approved the motion except for allowing MARTA to use Wright's response to DOT"s interrogatories "for purposes of impeachment, provided that counsel did not refer to the style of the [DOT] case or — and specifically noted for the jury that that answer had not been filed in this case."

On rebuttal, MARTA called appellant Wright for cross examination and elicited from him testimony regarding the opinion he expressed as to the value of the remaining property earlier in 1979. No mention was made of the pending DOT case. On subsequent direct examination Wright was allowed to explain his valuation and also testified as to his opinion of the value of remaining property immediately following the taking on September 8, 1977; his 1977 valuation of the subject property was substantially higher than either appraiser called by appellants. Appellants contend that since MARTA violated the trial court's ruling on their motion in limine, they are entitled to a new trial. We cannot agree.

Appellants contend that MARTA "violated" the court's ruling by using Wright's testimony to impeach that of appellants' two appraisers. ". . . [I]n the trial of all civil cases, either plaintiff or defendant shall be permitted to make the opposite party . . . a witness, with the privilege of subjecting such witness to a thorough and sifting examination, *and with the further privilege of impeachment, as if the witness had testified in his own behalf* and were being cross-examined." (Emphasis supplied.) Code § 38-1801. A witness may be questioned for the purpose of impeachment as to his answers to interrogatories in another case which contradict his testimony at trial. See *Calloway v. Rossman,* 150 Ga. App. 381 (3) (257 SE2d 913) (1979); *Krasner v. Lester,* 130 Ga. App. 234 (1) (202 SE2d 693) (1973). Thus, Wright could properly be called for cross examination by MARTA and questioned regarding his "contradictory" valuation of the subject property in another case.

*Judgment affirmed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

Argued June 5, 1980 — Decided December 4, 1980 —

*Harry L. Cashin, Jr., Frank L. Wilson, III,* for appellants.

*Charles M. Pursley, Jr.,* for appellee.