66248. DEPARTMENT OF TRANSPORTATION v. WRIGHT et al.

CARLEY, Judge.

On May 4, 1979, appellant Department of Transportation (DOT) filed a proceeding in rem pursuant to OCGA § 32-3-4 et seq.

(Code Ann. § 95A-603 et seq.), condemning .583 acres of land on West Peachtree Street owned by appellee-nominee Wright and others. Being dissatisifed with the estimated just and adequate compensation as alleged in the declaration of taking and deposited in court, appellees filed a notice of appeal pursuant to OCGA § 32-3-14 (Code Ann. § 95A-610). The only issue to be determined at trial was the value of the property as of the date of the taking, which was stipulated as being May 4, 1979. At trial, DOT presented an expert appraisal witness who valued the property at $640,000 as of the date of taking. Appellees offered the testimony of two expert appraisal witnesses who valued the property at $1,000,000 and $1,024,520 respectively. The jury determined the value of the subject property to be $819,584. Judgment in the amount of $819,584 was then entered for appellees as just and adequate compensation for the property taken. DOT appeals.

1. The majority of DOT's enumerations of error concern the trial court's grant of appellees' motion in limine, which resulted in the exclusion of certain evidence arising out of or in connection with a 1977 condemnation involving appellees' property. The undisputed relevant facts concerning the earlier condemnation case are as follows: In August of 1977, the Metropolitan Atlanta Rapid Transit Authority (MARTA) instituted condemnation proceedings to acquire a *portion* of appellees' West Peachtree Street property for use in the construction and operation of its rapid rail system. The MARTA case was eventually tried before a jury. Appellees in the instant case appealed the judgment entered in the MARTA proceeding, that appeal appearing before this court in *Wright v. MARTA,* 156 Ga. App. 704 (275 SE2d 766) (1980), and before the Supreme Court in *Wright v. MARTA,* 248 Ga. 372 (283 SE2d 466) (1981).

The instant case, which was initiated prior to the jury trial in the MARTA action, involves the condemnation by DOT of the *entirety* of the West Peachtree Street parcel which remained after the MARTA condemnation. For purposes of impeachment, DOT wished to introduce at the trial of the instant case certain evidence involved in the MARTA case. This evidence from the MARTA action related to certain opinions respecting the value of the subject property as of a date approximately two years prior to the date of its taking. Specifically, DOT wished to introduce the following evidence for impeachment purposes in the instant case: (a) Appellee-Wright's answers to interrogatories filed in the MARTA action and his testimony at the trial of that case, wherein he estimated a lower value for the subject property as property remaining after the MARTA taking, than the value of the property as shown by the evidence which

appellees presented at the trial of the instant proceeding; (b) references made by appellees' attorney in his argument to the jury in the MARTA case that the subject property had been damaged by the MARTA taking and had a value of between $306,000 and $307,000; (c) the fact that appellees had presented two expert appraisers at the MARTA trial who had assigned certain values to the property based upon their testimony that the subject property had been damaged by the MARTA taking. The trial court granted appellees' motion in limine and issued an order prohibiting any mention during the trial of the instant case of "any aspect of the 1977 condemnation by MARTA of a portion of [appellees'] property," including any reference to the opinions or appraisals of value which had been expressed in that action by appellee-Wright, appellees' attorney or by their appraisers. The trial court found that such evidence was "irrelevant to the issue of the value of condemnees' remaining property as of May 4, 1979, the date on which such remaining property was condemned by [DOT]." To the extent that such evidence might be relevant, the trial court further found that "such relevance is outweighed by the prejudice to the condemnees herein."

It is clear that "[a] witness may be impeached by contradictory statements, . . . *if the same be relevant to the issue on trial.'* [Cits.]" *Atlanta Transit System v. Robinson,* 134 Ga. App. 170, 172 (213 SE2d 547) (1975). See also OCGA § 24-9-83 (Code Ann. § 38-1803). However, " '[t]he right of cross examination is not abridged where cross examination of the witness to irrelevant matters is not permitted. The trial court has a discretion to control the right of cross examination within reasonable grounds, and the exercise of this discretion will not be controlled unless abused.' [Cit.]" *Hardeman v. MARTA,* 157 Ga. App. 271, 272 (277 SE2d 65) (1981). See also *Carlton Co. v. Poss,* 124 Ga. App. 154 (3) (182 SE2d 231) (1971). Thus, unless the trial court abused its discretion in excluding the evidence concerning the prior MARTA condemnation action on the basis that it was irrelevant to the issue of the value of the subject property, this court must affirm that ruling. *MacNerland v. Johnson,* 137 Ga. App. 541, 542 (1) (224 SE2d 431) (1976); *Allstate Ins. Co. v. McGee,* 157 Ga. App. 53, 55 (7) (276 SE2d 108) (1981); *Downs v. State,* 145 Ga. App. 588, 592 (3) (244 SE2d 113) (1978); *Klemme Cattle Co. v. Westwind Cattle Co.,* 156 Ga. App. 353, 354 (1) (274 SE2d 738) (1980); *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 163 (256 SE2d 916) (1979); *Pope v. Firestone Tire & Rubber Co.,* 150 Ga. App. 396, 397 (258 SE2d 14) (1949).

As previously stated, the evidence which was excluded pursuant to the grant of appellees' motion in limine concerned estimates of the

value of the subject property as of a date approximately two years prior to the relevant date of the instant taking. Although there is no transcript of the hearing on the motion in limine, it appears from the trial court's order that this time discrepancy was a basic consideration in the determination that evidence of such prior estimates was irrelevant to the instant case. The record also discloses that the court had before it evidence that, during the particular two-year period in question, there was great fluctuation in the land market in downtown Atlanta where the subject property is located. In fact, even the condemnor's expert witness testified at trial that the value of the subject property had increased approximately 37% in the six months immediately prior to the date of taking. The courts of this state have repeatedly held that, in the context of determining land values, "[i]f it should appear that drastic changes in the economy have occurred and land values have changed so that the price paid for similar land in open market could not fairly be said to reflect the value of the land being condemned, it should be excluded. 'It is to be considered with reference to throwing light on the issue, and not a mere method of raising a legal puzzle.' [Cits.]" *State Highway Department v. Noble,* 114 Ga. App. 3, 4 (150 SE2d 174) (1966). See also *City of Atlanta v. Rackley,* 125 Ga. App. 109 (186 SE2d 511) (1971).

Furthermore, with regard to admissibility of the statements by an owner of the value of his property as an admission against interest, the rule appears to be that "[a] statement of value by the owner, to be competent as an admission, must have been made sufficiently near in time to the date of the taking to be reasonably helpful to the jury, *and much must be left to the discretion of the trial court in determining whether the time was too remote or the conditions too dissimilar* to make the evidence available . . . [N]o hard and fast rule can be laid down, and *if it appears by other evidence that the market value of real estate in the city or town in which the taking occurred is fluctuating, the court is justified in excluding statements of value by the owner unless they could be shown to have been made very near to the date of the taking.*" (Emphasis supplied.) Nichols', The Law of Eminent Domain, Volume 5, § 18.6, p. 18-390. See also Wichita Falls N. W. R. Co. v. Holloman, 114 P 700 (Okl. 1911); Central Branch UPR Co. v. Andrews, 14 P 509 (Kan. 1887).

Under these principles, and after reviewing the entire record, we find no abuse of discretion by the trial court in granting appellees' motion in limine. The statements concerning the value of the subject property on a date approximately two years prior to the instant taking could properly be excluded as impeaching evidence in the

instant case. Under the evidence, the value of the property two years prior was not shown to be relevant to the issue of the value of the property at the time of its subsequent taking. "Evidence of an impeaching nature must itself relate to a relevant issue in the case." *E. H. Siler Realty &c. Broker v. Sanderlin,* 158 Ga. App. 796, 798 (282 SE2d 381) (1981). Absent a clear abuse, this court will not control the trial court's discretion.

We finally note that DOT relies on the following language of *Wright v. MARTA,* 156 Ga. App. 704, 707, supra, in support of its argument that the excluded evidence in the present case was admissible: " '(I)n the trial of all civil cases, either plaintiff or defendant shall be permitted to make the opposite party . . . a witness, with the privilege of subjecting such witness to a thorough and sifting examination, *and with the further privilege of impeachment, as if the witness had testified in his own behalf* and were being cross-examined.' [OCGA § 24-9-81 (Code Ann. § 38-1801).] A witness may be questioned for the purpose of impeachment as to his answers to interrogatories on another case which contradict his testimony at trial. [Cits.] Thus, Wright could properly be called for cross examination by MARTA and questioned regarding his 'contra dictory' valuation of the subject property in another case." DOT argues that under this language, this court has already determined that the excluded evidence at issue in the present case is admissible for purposes of impeachment. However, there is absolutely no indication that the issue of the *relevancy* of the contradictory statements was before the trial court or this court in *MARTA v. Wright,* 156 Ga. App. 704, supra. Therefore, we do not find that case controlling on the issue in the instant case of whether the trial court abused its *discretion in excluding* the evidence concerning the prior MARTA condemnation on the basis that it was irrelevant to the issue of the value of the subject property as of the stipulated date of taking.

2. DOT also asserts that the grant of appellees' motion in limine had the erroneous result of excluding any reference to the fact that two expert witnesses who had been hired by appellees to give their opinions in the MARTA condemnation concerning the value of the subject property had not been called to testify as to that issue at the trial of the instant case. DOT further contends that the grant of the motion in limine erroneously precluded it from proving that, in the two cases combined, appellees had hired no less than eight different experts to appraise the property. DOT asserts that such evidence should have been admitted at trial for impeachment purposes.

This court in *Logan v. Chatham County,* 113 Ga. App. 491 (148 SE2d 436) (1966) held that "an expert real estate appraiser employed by one party to evaluate the worth of realty being condemned but who is not called by his employer to testify during the trial may be called as a witness by the opposite party and compelled to testify as to his opinion of the value of the property . . ." However, we also clearly held that it is not "proper for the party presenting the witness to query the witness *regarding his employment by the opposite party . . .*" (Emphasis supplied.) *Logan v. Chatham County,* supra at 491. Contrary to DOT's assertions, we find that the rationale of *Logan* extends beyond the mere *substance* of the expert's opinion, and mandates the exclusion of even the fact that such experts were retained and utilized in an earlier action, but were not called by the opposing party in the instant action. "*[A]ll questions* relating to the expert's employment by the [condemnees] would be irrelevant and inadmissible . . . *Testimony as to the original employment* was not pertinent to the issues in the case and if admitted over objection would have been prejudicial and harmful to [condemnees] and on appeal by [condemnees] would have constituted grounds requiring a reversal." (Emphasis supplied.) *Logan v. Chatham County,* supra at 493. See also *Dept. of Transp. v. Cochran,* 160 Ga. App. 583 (2) (287 SE2d 599) (1981).

3. It is asserted that the trial court erred in denying DOT's own motion in limine. That motion requested that the trial court prohibit appellees' expert appraisal witnesses from referring to their past employment with DOT. "Testimony while reciting his qualifications as an expert that the witness has done appraisal work for the other party in the past is not objectionable or excludable . . . or grounds for mistrial . . . Accordingly, this enumeration of error in the instant case is totally without merit." *Dept. of Transp. v. Cochran,* supra at 585.

4. DOT next contends that the trial court's charge on highest and best use was unduly repetitive and thus overemphasized appellees' claim. Moreover, DOT asserts that the charge was an incorrect statement of the law because it did not emphasize that the proposed immediate use of the property must be "reasonably probable."

DOT's contentions regarding the contested charge are not supported by the record. The trial court did in fact emphasize that the highest and best use must be "reasonably probable." Furthermore, "[w]hile some of the repetitions might have been avoided, it does not appear likely that the jury was in anywise misled or wrongfully influenced by it." *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 163 (141 SE2d 189) (1965). The trial court in the instant

case further charged the jury: "I want to emphasize to you that anything that the court did or said during the trial of this case was not intended to and did not intimate, hint or suggest to you which of the parties should prevail in this case. If and to the extent that there was repetition of the charge, the purpose of such repetition was not to unduly emphasize that aspect of the charge over any other aspect..." Accordingly, we find no error.

5. DOT asserts that the trial court improperly granted post-judgment interest on the combined principal and interest components of the judgment. See *Dept. of Transp. v. Kendricks,* 148 Ga. App. 242, 248 (5) (250 SE2d 854) (1978). Appellees concede that this was error. We therefore direct that "[t]he judgment of the trial court should be modified to provide for the payment of future interest only upon the principal amounts owing upon the judgment of the court. [Cits.]" *Dept. of Transp. v. Kendricks,* supra at 248.

6. DOT finally enumerates as error the trial court's award of post-judgment interest at the rate of 12% per annum. DOT contends that the appropriate post-judgment interest rate is 7% per annum. This issue has been recently decided adversely to DOT's position. *Dept. of Transp. v. Cochran,* supra at 585. Accordingly, this enumeration is without merit.

*Judgment affirmed with direction. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 1, 1983 —
REHEARING DENIED DECEMBER 19, 1983 — 

*G. Conley Ingram, Robert D. McCallum, Jr.,* for appellant.
*Harry L. Cashin, Jr., John C. Porter, Frank L. Wilson III,* for appellees.