A10A1812. CNL APF PARTNERS, LP et al. v. DEPARTMENT OF TRANSPORTATION.
A10A1991. RCI REALTY, LLC et al. v. DEPARTMENT OF TRANSPORTATION.

(705 SE2d 862)

PHIPPS, Presiding Judge.

The Georgia Department of Transportation (DOT) instituted proceedings to condemn real property on which a restaurant stood. The condemnation constituted a total taking of the property, and the condemnees sought a jury trial on their fair and adequate compensation for the taking.[1] We granted this interlocutory review of the trial court's rulings on several pre-trial motions.

In Case No. A10A1812, condemnee CNL APF Partners, LP (CNL) appeals the trial court's denial of its motion for partial summary judgment, its motion to strike the DOT's brief in opposition to partial summary judgment, and its motion in limine to exclude evidence. For reasons that follow, we vacate the court's ruling on the partial summary judgment motion and remand for further proceedings not inconsistent herewith; we affirm the court's ruling on the motion to strike; and we reverse the court's ruling on the motion in limine.

In Case No. A10A1991, condemnees RCI Realty, LLC (RCI) and Restaurant Concepts II, LLC (Restaurant Concepts) appeal the court's denial of their several motions in limine to exclude evidence. For reasons that follow, we affirm the denial of their motions to exclude evidence of certain of the condemnees' prior knowledge of the potential condemnation, evidence of a 2003 letter from Restaurant Concepts's counsel to an appraiser, and evidence of rent that RCI had charged Restaurant Concepts for use of the property. We reverse the denial of the motions to exclude evidence of funds that the DOT placed in the court registry when it petitioned for condemnation, and evidence of the cause of a fire that damaged the restaurant on the property prior to the condemnation.

The record shows that in December 2004, CNL purchased from RCI the property at issue, on which the restaurant was operating. CNL leased the property back to RCI under a lease agreement dated December 30, 2004. RCI in turn subleased the property to a related entity, Restaurant Concepts, which continued to operate the restaurant.

On January 9, 2006, the restaurant was damaged in a fire. The

---

[1] See Ga. Const. of 1983, Art. I, Sec. III, Par. I (a) (except as otherwise provided therein, private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid); OCGA § 32-3-16 (a) (providing for jury trial on value of property or interest taken).

512

restaurant ceased operating after the fire, but RCI continued to pay CNL rent on the property pursuant to the parties' lease agreement. RCI filed an insurance claim and obtained estimates for restoring the restaurant so it could reopen, but it did not restore or reopen the restaurant.

On March 23, 2006, the DOT petitioned to condemn the property and deposited into the court registry its estimate of the property's value. On April 20, 2006, RCI exercised a contractual option to terminate its lease with CNL on account of the condemnation. Subsequently, the insurance carrier paid a claim relating to the restaurant fire.

### Case No. A10A1812

1. CNL sought a partial summary judgment on the issue of RCI's contractual obligations under the December 30, 2004 lease between those parties. Specifically, CNL sought a ruling on RCI's obligations, at the time of the taking, to continue paying CNL rent on the property and to restore and repair the restaurant. The trial court denied CNL's motion. We agree with CNL that this ruling was error.

The court determined that it had no jurisdiction to decide the issue because a ruling thereon would amount to an advisory opinion. But the ruling sought in the motion was not advisory — it concerned the condemnees' legally compensable interests in property that was the subject of the pending condemnation proceeding.[2] The court had jurisdiction over the motion for partial summary judgment filed in the condemnation action pending before it.[3]

The court also determined that a ruling on the issue raised in the motion for partial summary judgment would invade the province of the jury. But the construction of a contract is a matter of law for the court so long as the contract is unambiguous.[4] This general rule of contract interpretation has been applied to the construction of a lease in a condemnation action.[5] Thus, the construction of the lease

---

[2] See generally *MARTA v. Funk*, 263 Ga. 385, 387 (435 SE2d 196) (1993) (discussing impact of contractual rent obligations in determining leaseholder's legally compensable interest in condemned property).

[3] See OCGA § 9-11-56 (b), (d) (party against whom claim is asserted may, at any time, move for summary judgment as to all or any part thereof; if, on such motion, judgment is not rendered upon the whole case, the court shall, if practicable, ascertain what material facts exist without substantial controversy and shall make an order specifying such facts; upon subsequent trial of the action, such facts shall be deemed established). See also *Walker v. Dept. of Transp.*, 279 Ga. App. 287, 288 (1) (630 SE2d 878) (2006) ("We apply a de novo standard of review to purely legal questions such as whether a trial court has jurisdiction over a matter.") (citation and footnote omitted).

[4] *U. S. Enterprises v. Mikado Custom Tailors*, 250 Ga. 415, 416 (297 SE2d 290) (1982).

[5] See *Cann v. MARTA*, 196 Ga. App. 495, 496 (1) (396 SE2d 515) (1990).

in this case would require jury resolution only if the lease contained an ambiguity that could not be resolved by applying the pertinent rules of contract construction.[6] The trial court did not conduct this contract analysis.

We decline to affirm the denial of partial summary judgment under the "right for any reason" rule. In the proceeding below, neither the trial court nor the DOT addressed the merits of the sole argument made by CNL in support of its motion for partial summary judgment, and no considerations of judicial economy apply given the procedural posture of this case.[7]

Accordingly, we vacate the order denying the motion for partial summary judgment and remand to the trial court for further proceedings not inconsistent herewith.

2. CNL contends that the trial court erred in denying its motion to strike as untimely filed the DOT's brief in opposition to summary judgment. The record shows that the DOT filed its brief more than 30 days after the service of CNL's motion, in violation of Uniform Superior Court Rule 6.2. But the effect of an untimely response to a motion for summary judgment is the loss of the responding party's right to present evidence in opposition to the motion.[8] The DOT did not attempt to present evidence opposing CNL's motion, but instead used its brief solely to present legal argument. Under these circumstances, we find no abuse of discretion in the trial court's decision not to strike the DOT's brief, and we affirm that ruling.[9]

3. CNL contends that the trial court erred in denying its motion in limine. "A motion in limine is properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. Irrelevant evidence that does not bear directly or indirectly on the questions being tried should be excluded."[10] We review the court's ruling on a motion in limine for abuse of discretion.[11]

CNL sought in its motion to exclude evidence of its entitlement to statutory pre-judgment interest under OCGA § 32-3-19. That Code section concerns the acquisition of property for transportation purposes and provides in pertinent part that, after a jury enters a verdict in a condemnation proceeding, the court shall enter judg-

---

[6] See *U. S. Enterprises*, supra.

[7] See generally *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002).

[8] *Ackerman & Co. v. Lostocco*, 216 Ga. App. 242, 244 (1) (454 SE2d 792) (1995).

[9] See id.; see also *Cogland v. Hosp. Auth. &c.*, 290 Ga. App. 73, 74 (1) (658 SE2d 769) (2008) (applying abuse of discretion standard of review to ruling on motion to strike as untimely a brief filed in opposition to a motion to dismiss).

[10] *Gwinnett County v. Howington*, 280 Ga. App. 347 (634 SE2d 157) (2006) (citations and punctuation omitted); see OCGA § 24-2-1.

[11] See *Forsyth County v. Martin*, 279 Ga. 215, 221 (3) (610 SE2d 512) (2005).

ment in favor of the condemnee in the amount of the jury verdict, together with accrued court costs.[12] Subject to certain limitations specified in the Code section,

> [a]fter just and adequate compensation has been ascertained and established by judgment, the judgment shall include, as part of the just and adequate compensation awarded, interest from the date of taking to the date of payment pursuant to final judgment at the rate of 7 percent per annum on the amount awarded by final judgment as the value of the property as of the date of taking.[13]

Under this statutory framework, the amount of pre-judgment interest due a condemnee is determined *after* the jury enters its verdict.[14] As the trial court acknowledged in its order, "all parties are in agreement that pre-judgment interest . . . should not be considered by the jury in making its award."[15] Accordingly, the evidence regarding pre-judgment interest that CNL sought to exclude through its motion in limine was not relevant to the issue to be decided by the jury.[16] Nevertheless, the court denied the motion to exclude this irrelevant evidence, stating in an order prepared and presented to it by the DOT's counsel that the

> best way to insure that this matter does not creep into the jury's deliberation, either consciously or subconsciously, is for the Court to explain to the jury that it is the obligation of the Court to add pre-judgment interest to any award where applicable and the jury should not consider the matter.[17]

The court further noted its intent to instruct the jury not to consider pre-judgment interest.

That the court can later instruct the jury to disregard irrelevant

---

[12] OCGA § 32-3-19 (b).

[13] OCGA § 32-3-19 (c).

[14] OCGA § 32-3-19 (b), (c).

[15] See generally *City of Atlanta v. Landmark Environmental Indus.*, 272 Ga. App. 732, 741 (5) (613 SE2d 131) (2005) (pre-judgment interest is not a component of the just and adequate compensation due a condemnee under the Georgia Constitution).

[16] Because the evidence of pre-judgment interest was not relevant to a jury issue, we find inapposite the general rule pointed to by the DOT, which favors the admission of any relevant evidence, no matter how slight its probative value. See *Ford Motor Co. v. Reese*, 300 Ga. App. 82, 91 (4) (684 SE2d 279) (2009).

[17] We take this opportunity to reiterate that the practice of a trial court adopting orders prepared and presented by counsel is greatly disfavored by this Court. See *Richardson v. Barber*, 241 Ga. App. 254, 255 (1) (527 SE2d 8) (1999).

evidence is not a reason to allow the jury to hear the irrelevant evidence.[18] The court erred in denying CNL's motion to exclude the irrelevant evidence.[19] We reverse the denial of CNL's motion in limine.

### Case No. A10A1991

4. RCI and Restaurant Concepts argue that the court erred in denying their motions in limine to exclude certain evidence. As discussed above,[20] the trial court should exclude evidence that does not bear directly or indirectly on the question being tried.[21] "[T]he sole issue to be determined in a condemnation matter is the just and adequate compensation due for property taken."[22] In the case of a total taking, as here, the just and adequate compensation generally is determined by the fair market value of the condemned property at the time of the taking.[23] "As the lessee[s] of the condemned premises . . . , [RCI and Restaurant Concepts] would be entitled to just and adequate compensation for the value, if any, of [their] leasehold."[24] When a leasehold is condemned, the lessee loses the use of the property for a specified time at a set amount of rent.[25] The property owner (lessor) loses the value of the improved property.[26] Courts should be "liberal in allowing matters to be considered by the jury which might affect [the jurors'] collective minds in determining the just and adequate compensation to be paid the condemnee."[27]

(a) RCI and Restaurant Concepts moved to exclude evidence concerning funds, representing an estimate of the property's value, that the DOT had deposited into the court registry upon filing its condemnation petition. This Court held in *Dept. of Transp. v.*

---

[18] The propriety of a jury instruction discussing pre-judgment interest is not an issue before us on appeal, as no such instruction has been requested or given at this stage of the proceedings.

[19] See *Housing Auth. &c. v. Younis*, 279 Ga. App. 599, 601 (631 SE2d 802) (2006) (where there was no circumstance under which the evidence at issue was likely to be admissible in condemnation case, trial court erred in denying motion in limine to exclude it).

[20] See Division 3, supra.

[21] See OCGA § 24-2-1; *Gwinnett County*, supra.

[22] *Collins & Assoc. v. Henry County &c. Auth.*, 290 Ga. App. 782, 783 (1) (661 SE2d 568) (2008) (footnote omitted).

[23] See *Dept. of Transp. v. Petkas*, 189 Ga. App. 633, 638 (5) (377 SE2d 166) (1988). See generally *Fulton County v. Funk*, 266 Ga. 64, 66 (463 SE2d 883) (1995).

[24] *MARTA v. Funk*, supra at 387.

[25] Id.

[26] Id.

[27] *Dept. of Transp. v. Southeast Timberlands*, 263 Ga. App. 805, 808 (2) (a) (589 SE2d 575) (2003) (punctuation and footnote omitted).

*Gunnels*[28] that evidence of the amount of funds deposited with the court at the time of the taking in a condemnation proceeding should not be admitted, because the jury must consider de novo the question of compensation.[29] In denying the motion in limine in this case, the trial court held that *Gunnels* did not preclude evidence of the *fact* that the DOT made a deposit of funds. We do not view *Gunnels* as so holding.[30]

Because the trial court's denial of the motion in limine to exclude this evidence was error,[31] we reverse that ruling.

(b) RCI and Restaurant Concepts moved to exclude evidence of the cause of the fire that damaged the restaurant, on the ground that such evidence was not relevant to their just and adequate compensation and that speculation concerning the cause of the fire would be prejudicial to them. The DOT countered that uncertainty about the cause of the fire had affected the availability of insurance to restore the restaurant, which in turn had affected the property's market value at the time of the taking. The court denied the motion on this ground.

"The admission of evidence of factors which may reasonably influence a prospective purchaser's decision is a matter within the discretion of the trial court."[32] The record contains some evidence that the availability of insurance was not yet settled at the time of the taking. We agree with the DOT that evidence of uncertainty concerning insurance coverage could reasonably influence a prospective purchaser's decision, and thus is relevant to the issue of the condemnees' just and adequate compensation. But we agree with RCI and Restaurant Concepts that evidence concerning the reasons giving rise to the uncertainty in insurance coverage (i.e., the *cause* of the fire), as opposed to the fact of uncertainty, was not relevant to the issue of just and adequate compensation. Under these circumstances, we find that the trial court abused its discretion in denying the motion to exclude evidence concerning the cause of the restaurant fire, and we reverse that ruling.[33]

(c) RCI and Restaurant Concepts moved to exclude evidence that RCI and CNL knew of the possible condemnation when RCI sold the property to CNL in 2004. The trial court denied the motion. It found that RCI and CNL's knowledge of the possible condemnation was

---

[28] 175 Ga. App. 632 (334 SE2d 197) (1985), rev'd on other grounds, 255 Ga. 495 (340 SE2d 12) (1986).

[29] *Gunnels*, supra at 636 (4).

[30] See id. at 636 (5) (both the fact of the DOT's initial estimate *and* its payment of the estimated amount into court registry were irrelevant to any issue before the jury).

[31] See *Younis*, supra; *Gunnels*, supra.

[32] *Dept. of Transp. v. Acree Oil Co.*, 266 Ga. 336, 337 (2) (467 SE2d 319) (1996) (citation omitted).

[33] See *Younis*, supra.

relevant to whether the 2004 sale of the property was a bona fide, arm's length transaction, which in turn was relevant to whether the 2004 sale price could be used to determine the property's market value at the time of the taking.

RCI and Restaurant Concepts point to *City of Atlanta v. West*,[34] in which we held that evidence that a condemnee took certain action with knowledge of an impending condemnation was properly excluded from jury consideration because it did not concern the property's fair market value at the time of the taking, even if the action was allegedly taken for the sole purpose of increasing the condemnee's damages upon condemnation.[35] Unlike in *West*, however, the DOT in this case seeks to use evidence of RCI and CNL's knowledge of a possible condemnation to discredit the condemnees' estimate of the property's market value at the time of the taking, by challenging the use of the 2004 sale as a factor in reaching that estimate. Used in this way, the evidence of RCI and CNL's knowledge of a possible condemnation would bear, at least indirectly, on the question of the just and adequate compensation due the condemnees.[36] Accordingly, the court's denial of the motion in limine to exclude this evidence was not an abuse of discretion,[37] and we affirm that ruling.

(d) RCI and Restaurant Concepts moved to exclude evidence of what they characterize as a pre-condemnation offer of compromise contained in a letter. The November 2003 letter was sent by Restaurant Concepts's counsel to an appraisal firm hired by the DOT to value the property. It enclosed a business valuation of the restaurant that Restaurant Concepts had obtained; based on the valuation, counsel argued in the letter for a "change in the [DOT's] condemnation plans" given the restaurant's profitability, and expressed the expectation that the condemnees would be "compensated for the full replacement value which would include the real estate value and the business value of the enterprise." Counsel concluded by asking for information "associated with the timing in connection with this transaction" so that Restaurant Concepts could make arrangements for its affected employees if condemnation occurred. The trial court held that this letter was not an offer to compromise and that the valuation contained therein was an admission against the condemnees' interest; thus, it denied the motion in limine.

---

[34] 123 Ga. App. 255 (180 SE2d 277) (1971).

[35] Id. at 256-257 (1).

[36] See generally *Rescigno v. Vesali*, 306 Ga. App. 610, 613 (2) (703 SE2d 65) (2010) (impeaching evidence was relevant to case and thus court's denial of motion in limine to exclude evidence was not error).

[37] See id.

OCGA § 24-3-37 provides that admissions or propositions made with a view to a compromise are inadmissible. "The purpose of this Code section is to encourage settlements and protect parties who freely engage in negotiations directed toward resolution of law-suits."[38] But "[w]hen construing OCGA § 24-3-37 an important distinction has been noted between an offer or proposition to compromise a doubtful or disputed claim, and an offer to settle upon certain terms a claim that is unquestioned."[39] The latter is admissible, while the former is not.[40]

The trial court did not err in concluding that the November 2003 letter, which was sent to an appraiser and not to the DOT, was not an inadmissible offer of compromise under OCGA § 24-3-37. No condemnation proceeding was pending when it was sent; the terms of the letter sought to persuade against the condemnation of the property, or, alternatively, to ensure that Restaurant Concepts would receive the full amount that it believed would be its just and adequate compensation should condemnation occur; and the letter did not propose a compromise of that amount.[41]

Citing *Dept. of Transp. v. Wright*,[42] RCI and Restaurant Concepts contend that their motion to exclude the November 2003 letter nevertheless should have been granted, because the statements in the letter were too remote in time to be admissible as statements against their interest regarding the March 2006 taking. *Wright* stated that

> with regard to admissibility of the statements by an owner of the value of his property as an admission against interest, the rule appears to be that a statement of value by the owner, to be competent as an admission, must have been made sufficiently near in time to the date of the taking to be reasonably helpful to the jury, and much must be left to the discretion of the trial court in determining whether the time was too remote or the conditions too dissimilar to make the evidence available.[43]

---

[38] *Bounds v. Coventry Green Homeowners' Assn.*, 268 Ga. App. 69, 72 (2) (601 SE2d 440) (2004) (punctuation and footnote omitted).

[39] *Nevitt v. CMD Realty Investment Fund IV, L.P.*, 282 Ga. App. 533, 535 (1) (a) (639 SE2d 336) (2006) (punctuation and footnote omitted).

[40] Id.

[41] Compare *Dept. of Transp. v. A. R. C. Security*, 189 Ga. App. 34, 38 (4) (375 SE2d 42) (1988) (contact between condemnee and condemnor in which latter announced price it had determined to pay was not an offer to compromise) with *DeKalb County v. Daniels*, 174 Ga. App. 319, 320-321 (4) (329 SE2d 620) (1985) (letter proposing to "settle" a claim that county disputed constituted an offer of compromise).

[42] 169 Ga. App. 332 (312 SE2d 824) (1983).

[43] Id. at 335 (1) (citation, punctuation and emphasis omitted).

RCI and Restaurant Concepts contend that the passage of more than two years between the statements concerning value in the letter and the date of the taking rendered the trial court's admission of these statements an abuse of discretion. But in discussing the trial court's discretion in determining whether the passage of time rendered a statement too remote to be admissible, the court in *Wright* stressed that "[n]o hard and fast rule can be laid down."[44] And RCI and Restaurant Concepts have not pointed to any evidence that the market conditions were dissimilar in 2003 and 2006.[45] Under these circumstances, we find no abuse of discretion and affirm the court's denial of the motion in limine regarding this evidence.

(e) RCI and Restaurant Concepts moved to exclude evidence of the rent RCI charged Restaurant Concepts for its use of the property before it sold the property to CNL in 2004. The DOT argued that this evidence was admissible to show that the rent CNL later charged RCI did not reflect the fair market rent of the property at the time of the taking.[46] Used in this manner, the evidence bears upon the property's market value, and we find no abuse of discretion in the court's denial of the motion to exclude this evidence.[47] We affirm the court's ruling thereon.

*Judgment affirmed in part, reversed in part and vacated in part, and case remanded with direction in Case No. A10A1812. Judgment affirmed in part and reversed in part in Case No. A10A1991. Miller, C. J., and Johnson, J., concur.*

DECIDED DECEMBER 30, 2010.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, Charles L. Ruffin, Ivy N. Cadle*, for appellants (case no. A10A1812).

*Pursley, Lowery & Meeks, Charles N. Pursley, Jr.*, for appellants (case no. A10A1991).

*Thurbert E. Baker, Attorney General, Capers, Dunbar, Sanders,*

---

[44] Id. (citations and punctuation omitted).

[45] Compare id. (citing evidence that, during the two-year period between a party's statements of value and the date of the taking, there was great fluctuation in the land market at issue, and evidence that, in the six months immediately prior to the taking, the subject property's value had increased approximately 37 percent).

[46] See *Chouinard v. City of East Point*, 237 Ga. App. 266, 268 (2) (514 SE2d 220) (1999) (the amount of rent paid to lease property may be considered in determining the property's value at the time of the taking).

[47] See generally *Rescigno*, supra.

*Bruckner & Bellotti, Paul H. Dunbar III, Ziva P. Bruckner*, for appellee.