## A11A2215. WILLIFORD v. LEE COUNTY BOARD OF COMMISSIONERS et al.
(723 SE2d 503)

BLACKWELL, Judge.

John Russell Williford was struck by a flying rock that allegedly was launched by a tractor-pulled lawnmower owned and operated by Lee County. Williford sued Lee County, and he now appeals from the award of summary judgment to the County,[1] claiming that the court below erred when it concluded as a matter of law that the tractor-

---

[1] Williford's wife also appeared as a plaintiff to assert a claim for loss of consortium, and the Willifords also named the Chairman of the Lee County Board of Commissioners as a defendant in his official capacity. Mrs. Williford does not appeal the finding of the court below that she failed to timely raise her claim, and Williford does not appeal the finding that the suit against the Chairman of the Board of Commissioners in his official capacity was, in fact, a suit against the County. See *Roberts v. Barwick*, 187 Ga. 691, 695 (2) (1 SE2d 713) (1939) (claims against an individual in his official capacity are claims raised against the governmental entity for which he serves). As a result, we decide nothing about the award of summary judgment to the Chairman of the Board of Commissioners or against Mrs. Williford.

pulled lawnmower is not a "motor vehicle" as that term is used in OCGA § 33-24-51 and that the County, therefore, is entitled to sovereign immunity. We agree that the court below defined "motor vehicle" incorrectly, and we vacate the award of summary judgment to the County and remand for the court below to reconsider summary judgment, applying the correct definition of "motor vehicle."

"Under our Constitution, Georgia counties enjoy sovereign immunity and can be sued only if they have waived their immunity." *Strength v. Lovett*, 311 Ga. App. 35, 38 (1) (714 SE2d 723) (2011) (citations omitted). For this case, the pertinent waiver of sovereign immunity is found in OCGA § 33-24-51. Subsection (a) of that Code section vests counties with discretion to secure insurance to cover liability for damages arising out of the "use of any motor vehicle" by the county, and subsection (b) provides, in part, that sovereign immunity sometimes is waived when a county purchases liability insurance as authorized by subsection (a).

To understand the use of "motor vehicle" in OCGA § 33-24-51, the court below looked to the narrow definition of the same term in OCGA § 36-92-1 (6).[2] Applying that narrow definition of "motor vehicle," the court determined that the tractor-pulled lawnmower at issue in this case was not a "motor vehicle" and that the waiver of sovereign immunity in OCGA § 33-24-51 (b) did not apply to the County. But soon after the court granted summary judgment to the County, we held in another case that it was error to apply the narrow definition found in OCGA § 36-92-1 (6) to "motor vehicle" as the term is used in OCGA § 33-24-51. *Glass v. Gates*, 311 Ga. App. 563, 573-574 (1) (716 SE2d 611) (2011).[3] Instead, we explained, " 'any motor vehicle' as used in OCGA § 33-24-51 (a) means any vehicle that is capable of being driven on the public roads and is covered by a liability insurance policy purchased by the local government . . . ." Id. at 573 (1). Based on our holding in *Glass*, we find that the court below erred when it applied an improper and too-narrow standard in considering whether the tractor-pulled lawnmower in this case is a "motor vehicle." For this reason, we vacate that portion of the order granting summary judgment in favor of the County, and we remand this case to the trial court to reconsider the motion for summary

---

[2] OCGA § 36-92-1 (6) defines a "motor vehicle" as "any automobile, bus, motorcycle, truck, trailer, or semitrailer, including its equipment, and any other equipment permanently attached thereto, designed or licensed for use on the public streets, roads, and highways of the state."

[3] We note that our Supreme Court has granted certiorari to consider our decision in *Glass*. See *Gates v. Glass*, Case No. S12G0133 (Jan. 23, 2012). For now, however, *Glass* remains a binding precedent.

judgment and to apply the proper standard to determine whether the tractor-pulled lawnmower is a "motor vehicle" for purposes of OCGA § 33-24-51.[4]

*Judgment vacated and case remanded. Barnes, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 17, 2012 —

*Collier & Gamble, Wilbur T. Gamble III*, for appellant.
*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Richard K. Strickland, Steven G. Blackerby*, for appellees.

---

[4] We decline in this case to exercise our discretion to consider whether the award of summary judgment was right for some reason other than that given by the court below. Although the County advances several other reasons why summary judgment might have been proper, some would require fact finding, and some would require consideration of evidence that the court below has not yet considered and that the parties have not addressed much on appeal. See *CNL APF Partners v. Dept. of Transp.*, 307 Ga. App. 511, 513 (1) (705 SE2d 862) (2010).